## HENRY WOO v. UNITED STATES.
### No. 3723.

Circuit Court of Appeals, Fourth Circuit.
Nov. 23, 1934.

898

Lon G. Marks and D. L. Salisbury, both of Charleston, W. Va. (Salisbury, Hackney & Lopinsky, of Charleston, W. Va., on the brief), for appellant.

L. R. Via, Asst. U. S. Atty., of Huntington, W. Va. (George I. Neal, U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and MYERS, District Judge.

MYERS, District Judge.

Appellant was convicted under an indictment containing three counts, the first of which charged conspiracy to violate section 174 of title 21 of the United States Code (21 USCA § 174), and the second and third of which charged violation of that section; and he was sentenced to a term of two years in the penitentiary. His principal contention in this court is that verdict should have been directed in his behalf because of the insufficiency of the evidence to sustain the charges contained in the bill of indictment. A careful examination of the testimony convinces us, however, that the motion to direct a verdict in his behalf was properly denied.

There can be no question as to the sufficiency of the evidence to sustain the verdict on the second and third counts of the indictment. These counts charged him with receiving and concealing narcotic drugs in violation of the act on February 9, 1934, and February 17, 1934, respectively; and he admitted having had in his possession on these dates packages which were shown to have contained the drugs as charged. His defense was that he was not aware that drugs were contained in them; but this was a question for the jury. The section creating the crime provides: "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." As there was unquestionably evidence to take the case to the jury, therefore, on the second and third counts of the indictment, the motion to direct a verdict was properly denied. Even if there were not sufficient evidence to sustain the charge of conspiracy contained in the first count, the appellant would have no ground to complain, as the punishment imposed upon him was less than might have been imposed under either of the other counts. Barton v. U. S. (C. C. A. 4th) 25 F.(2d) 967; Orth v. U. S. (C. C. A. 4th)

252 F. 569; Kennedy v. U. S. (C. C. A. 4th) 275 F. 182.

But we think that there was ample evidence to take the case to the jury on the first count as well as the others. There was unquestionably a conspiracy to transport narcotic drugs by Kun Woo and others. The evidence showed that appellant aided in carrying out the purposes of this conspiracy by transporting narcotic drugs on a number of occasions. And there was proof of circumstances justifying the inference that appellant had knowledge of the unlawful conspiracy when he thus aided in the unlawful transportation. At the instance of Kun Woo he went to the office of a bus line by which the drugs were transported on a number of occasions and received packages of drugs. He stated that Kun Woo did not tell him the packages contained opium, but told him it was some kind of foodstuff or Chinese drug or medicine. He invariably went late at night. He gave receipts for the packages in a fictitious name. And when the premises of Kun Woo were searched, implements for smoking opium were found in a room which could be entered only through a room occupied by appellant.

Assignment No. 1 is directed to the court's refusal to permit appellant's counsel to ask on direct examination whether a character witness offered by him had ever heard appellant's reputation attacked in any manner before this trouble. The sequence of the examination of the witness is not very clearly disclosed by the record. It does show that the witness qualified by stating that he knew the defendant and his general reputation, and that he stated that defendant's general reputation was good. It further appears that witness had never heard defendant's reputation discussed before this charge was brought against him, but did hear it discussed after his arrest. The exception seems to be based on the court's disagreement with defense counsel's statement that negative evidence was the best as to character. The record shows that appellant had the benefit of both positive and negative testimony on this point, and its value was for the jury, as they were properly charged.

As to the admissibility of waybills as proof of shipment of narcotics, the trial judge correctly held that shipments of a similar nature at or about the time set out in the indictment are permissible, as tending to prove the offense charged. Exception to the admission of a statement by a government agent, that packages seized in transit from which samples were taken and analyzed contained contraband goods, might be seriously taken, had this been relied upon to show the contents of the packages. That they did contain narcotics was shown by the report of the Bureau of Narcotics; and it is clear that the question and answer complained of were without prejudice.

Nor can it be said that the conviction in this case was due to the admission of testimony and evidence over objection, as set out in exceptions 3, 4, and 5; and the trial judge properly overruled the defense motion to strike and to direct a verdict.

This court has given more consideration than was thought to be otherwise warranted to this appeal, that no injustice should be done to this alien appellant. That he was of the Chinese race was fully evident to the jury; they had seen and heard him. The remark of the district attorney that the unrestricted sale of opium would destroy the country, and that he (the district attorney) was one link in the chain provided by law to destroy this illegal traffic, cannot be construed as undue license in argument, but merely as an extension of the ideas of the legislative body in passing the act prohibiting the traffic and in providing for its enforcement. The guilt or innocence of the accused was entirely for the jury, and they could not have failed to so understand, under the comprehensive charge given them by the court.

Selections of disconnected expressions from the charge of the trial judge often appear to be serious; but, when taken in connection with the charge as a whole, present a different aspect.

In this case, after having instructed the jury, "Whenever on trial for violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize a conviction unless the defendant explains the possession to the satisfaction of the jury"—the very language of the act—the court was requested to further charge that evidence of mere possession of a package of opium is not sufficient for a conviction under section 174 of the Code; whereupon the court charged as follows: "When he gets possession of it, he must explain it to the satisfaction of the jury. If he convinces the jury he did not know it, all right." "That is the question for you to pass upon, whether they have explained it, if you first believe they had possession of the opium. If that has been explained to your satisfaction, that is to say,

if he convinces you he is not guilty of any crime, of course it is your duty to acquit him." The use of the words "not guilty of any crime" must be construed in their particular relation; and in this connection could only have referred to the result of satisfactory explanation of possession. He had elsewhere charged as requested: "Yet the Government must prove beyond a reasonable doubt that the defendants knew they were in possession of opium, and that burden is upon the Government." "If you believe beyond a reasonable doubt that there was a conspiracy, but that Henry Woo did not know of the conspiracy and obtained a package of opium from the bus station, not knowing that it contained opium, then you must find the defendant Henry Woo not guilty." There is no suggestion in the charge as a whole that the provision of the act making possession of narcotics sufficient proof of violation of the statute, unless explained to the satisfaction of the jury, in any way shifted the burden of proof. That idea is in fact negatived by clear and express language throughout the charge.

 No exception was taken to the charge of the court given in response to the request to which we have referred. On the contrary, counsel for appellant, while excepting to an instruction as to another matter, was apparently satisfied in this respect with the charge as given. While we have the power under our rules to notice plain error not assigned, we exercise such power only where it is necessary to do so to prevent a miscarriage of justice; and certainly no such case is presented here.

 In connection with the weight to be given to evidence of good character, and inferentially in connection with the conflict of presumption of knowledge, circumstances tending to prove knowledge, and defendant's denial of knowledge of the contents of the package shown to have been in his possession, the following explanation of the trial judge is complained of: "How can Americans know the inside of Chinese, who cannot talk English, and whom they do not talk to, but simply see them on sundry occasions? That is for you to consider for whatever purpose you might want to give it." It is proper for the trial judge to comment upon all facts and circumstances which might aid the jury in determining the guilt or innocence of the accused, and this comment was not prejudicial in that connection. ·

 It is the conclusion of this court that the appellant was not harmed upon trial by references to his nationality, and the court is firmly convinced that the evidence is amply sufficient to justify the verdict of the jury, and the sentence of the court hereby affirmed.