### CAIN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 22, 1926.)

No. 6691.

1. **Jury** ⊗⇒59(1)—**That jury commissioner, aiding clerk in selecting panel of petit jurors, was not of political party required by statute, held not valid ground for challenge to panel (Judicial Code, § 276; Comp. St. § 1253).**

That panel of petit jurors was drawn by clerk of District Court, a member of Republican party, and by a jury commissioner, member of Democratic party, rather than of Farmer-Labor party, the principal political party in the district opposing the party to which the clerk belonged, as required by Judicial Code, § 276 (Comp. St. § 1253), held not valid ground for challenge to entire panel.

2. **Criminal law** ⊗⇒336—**Evidence, together with statutory presumption of purchase, held insufficient to sustain conviction for purchase of opium, without proof of venue (Act Dec. 17, 1914, § 1, as amended by Revenue Act 1918, § 1006; Comp. St. Ann. Supp. 1923, § 6287g).**

Evidence showing defendant's possession of opium and absence of appropriate tax-paid stamps, together with presumption arising under Act Dec. 17, 1914, § 1, as amended by Revenue Act 1918, § 1006 (Comp. St. Ann. Supp. 1923, § 6287g), held insufficient to sustain conviction for unlawfully purchasing such narcotics, in absence of proof of venue.

In Error to the District Court of the United States for the District of Minnesota; John F. McGee, Judge.

Paul Cain was convicted of unlawfully purchasing certain derivatives and preparations of opium and coca leaves, and he brings error. Reversed, and new trial granted.

Donald G. Hughes, of Minneapolis, Minn. (Neil Hughes, of Minneapolis, Minn., with him on the brief), for plaintiff in error.

Lafayette French, Jr., U. S. Atty., and William Anderson, Asst. U. S. Atty., both of St. Paul, Minn.

Before STONE, KENYON, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge. Plaintiff in error, hereafter called defendant, was tried and convicted on an indictment charging him with having unlawfully purchased certain derivatives and preparations of opium and

coca leaves on the 23d day of August, 1922, in the city of Minneapolis, county of Hennepin, state of Minnesota, the same not being in the original stamped package or from the original stamped package. The assignments of error raise two main questions:

[1] 1. Whether defendant's challenge to the entire panel of petit jurors serving at the October, 1923, term, when he was tried, should have been sustained, because they were selected by Joel M. Dickey, clerk of the United States District Court, a member of the Republican party, and John R. Donahue, jury commissioner, a member of the Democratic party, and not a member of the Farmer-Labor party, which was "the principal political party in the district in which the [trial] court" was held, opposing the party to which the clerk belonged, as required by section 276 of the Judicial Code. This question has been decided adversely to defendant's contention by this court in Brookman v. United States, 8 F.(2d) 803, opinion filed October 12, 1925.

[2] 2. Whether there was substantial evidence to sustain the verdict of the jury. The evidence tended to show that about 4 o'clock in the afternoon of the 23d of August, 1922, three detectives of the Minneapolis police force went to the rooms of defendant in the Waldorf Hotel at Minneapolis. In response to their rapping, defendant, clad in his nightclothes, came to the door of the living room and let them in. They entered and passed through the living room into the bedroom, where there were two beds. In one of these they found William Harris asleep. Beside the bed on a chair was found a hypodermic needle and a small pasteboard box containing cocaine (introduced in evidence as Exhibit B). On the dresser they found a small tin box containing morphine (introduced in evidence as Exhibit A). Defendant objected to a search of the premises unless the officers produced a warrant. They had none. While the officers were in the bedroom making a further search, defendant went to his bed and pulled out a gun from under the pillow. The officers took this from him. One of the officers shook Harris and waked him up. When he saw the officer seizing the drugs, he said, "For Christ's sake, don't take it, I want some of it." Both defendant and Harris were arrested and taken to jail. Another search, several hours later, while defendant and Harris were in jail, revealed a bottle containing cocaine, concealed in a davenport in the living room (introduced in evidence as Exhibit C).

The officers testified that defendant at the time denied any knowledge of the drugs found; that he admitted that he was living in the rooms with his wife, but said she was on a visit to her mother. Defendant was not under the influence of the drug at the time when the officers found him, according to their testimony, and there was no direct proof that he was the owner of the drugs, or had any control over them. Defendant took the stand and testified that he at one time had been a user of opium for a disease which he had, but that he had taken "the cure" and was no longer a user; that he had never used morphine or cocaine; that he had pleaded guilty to the possession of narcotics several years prior to the present charge. He denied that he owned or had any control over the drugs found. He denied any knowledge of Exhibit C, but testified that he knew that Exhibits A and B were in his room, and that they belonged to Harris, who had been engaged in repairing defendant's automobile, and had come to his room late on the preceding night, and had spent the night there. At the close of the evidence a motion was made on behalf of the defendant for a directed verdict, on the ground of insufficiency of the evidence to support a verdict of guilty. The motion was denied, and this action of the court is challenged by one of the assignments of error.

The evidence of possession of the drugs by the defendant above outlined, while not strong, was, we think, sufficient to sustain a finding by the jury that defendant had possession of the drugs, or some of them, at the time and place in question. There was also substantial evidence in the record to sustain a finding by the jury that there was an absence of appropriate tax-paid stamps from the drugs found.

With these two facts, possession and absence of stamps, supported by the evidence, the government relied upon the presumption provided in the statute to complete the proof of purchase. Section 1 of the statute (Act Dec. 17, 1914, 38 Stat. 785), as amended by section 1006 of the Revenue Act of 1918, 40 Stat. 1130 (Comp. St. Ann. Supp. 1919, § 6287g), provides: "It shall be unlawful for any person to purchase * * * any of the aforesaid drugs except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this section by the person in whose possession same may be found."

The charge of the court relative to the presumption of the statute was as follows: "If you are satisfied that the possession of all or any of the drugs, the drugs contained in any one of these exhibits, was the possession of the defendant, then under the law that makes a prima facie case of violation of that act, a prima facie case of purchase of that drug by the defendant from which you may then find a verdict of guilty, unless the evidence in the case overcomes that prima facie presumption."

The question raised by the motion for a directed verdict was whether the presumption of the statute was sufficient to complete the case of the government. In a very similar case, Brightman v. United States, 7 F. (2d) 532, it was held by this court that the presumption was not sufficient to complete a case for the government; that there must be proof of venue, that is, proof of the place where the purchase was made; that the Sixth Amendment to the Constitution of the United States required this; that the presumption of the statute did not cover venue. The court in its opinion said:

"It might be claimed that the prima facie evidence arising under the statute renders proof of the venue unnecessary. We do not think that the presumption or prima facie evidence of the statute includes the venue. The wording of the statute does not indicate such an intention on the part of Congress. The statute provides that 'the absence of appropriate tax-paid stamps * * * shall be prima facie evidence of a violation of this section by the person in whose possession same may be found.' In the instant case, the violation of the section was the unlawful purchase alleged. The venue was not an element of the offense. It was an independent matter, necessary, however, to be alleged and proven. Furthermore, it might be open to grave doubt whether this provision of the statute, if construed broadly enough to include venue, could be upheld as valid."

We think that the case at bar is ruled by the Brightman Case. Judgment reversed, with instruction to grant a new trial.

STONE, Circuit Judge. I have serious doubt concerning the rule, announced in the Brightman Case and followed herein, as to the statutory presumption arising from possession. The present extreme pressure of other official duties prevents the investigation necessary to resolve the above doubt. Therefore, I shall reserve present agreement to the above rule.