# MEMORANDUM DECISIONS

---

I

**CHESAPEAKE & OHIO RAILWAY CO., Plaintiff in Error, v. Katherine LINSTEAD, Executrix, Defendant in Error.**

(Circuit Court of Appeals, Sixth Circuit. November 9, 1926.)

No. 4626.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Frank M. Tracy, of Cincinnati, Ohio (Galvin & Tracy, of Cincinnati, Ohio, on the brief), for plaintiff in error.

John W. Cowell, of Cincinnati, Ohio (Ratterman & Cowell, of Cincinnati, Ohio, on the brief), for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. We are unable effectively to distinguish the facts of this case from those of Hull v. Philadelphia, etc., Ry., 252 U. S. 475, 40 S. Ct. 358, 64 L. Ed. 670, an opinion which apparently was not brought to the attention of the trial court. It thus becomes necessary to reverse the judgment and remand for further proceedings. We express no opinion as to whether an amendment pursuant to the rule of the Kinney Case, 260 U. S. 340, 43 S. Ct. 122, 67 L. Ed. 294, can be allowed in the trial court, if now desired.

---

2

**William DE MOSS, Plaintiff in Error, v. UNITED STATES OF AMERICA, Defendant in Error.**

(Circuit Court of Appeals, Seventh Circuit. October 22, 1926.)

No. 3688.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

John B. Boddie, of Chicago, Ill., for plaintiff in error.

Ernest L. Duck, of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiff in error was convicted and sentenced upon an indictment charging him, among other things, with having purchased from "persons unknown, *in the city of Chicago*, a quantity of cocaine hydrochloride," in violation of the so-called Harrison Anti-Narcotic Act. Comp. St. §§ 6287g-6287q. Support for the conviction rests entirely upon the presumption which arose from De Moss' possession of such narcotics.

Section 1 of the act reads: "It shall be unlawful for any person to purchase, * * * any of the aforesaid drugs except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this section by the person in whose possession same may be found."

Counsel for plaintiff in error contends that the government failed to prove the venue; that the presumption referred to in the foregoing section does not extend to the *place* of purchase. The precise question has been considered and very fully treated in Brightman v. United States (C. C. A.) 7 F. (2d) 532, and with the ultimate conclusion there reached we agree.

The judgment is reversed, and the cause is remanded for a new trial.