## DE BELLIS v. UNITED STATES.

Circuit Court of Appeals, Seventh Circuit.
December 7, 1927.

No. 3868.

1. Criminal law ⚖︎323—Presumption from possession of narcotic drugs in unstamped package of unlawful purchase does not extend to venue of purchase (Harrison Anti-Narcotic Act, § 1, as amended [26 USCA §§ 211, 691–694]).

Possession of narcotic drugs in unstamped package in district of indictment does not raise presumption that they were purchased in that district, in violation of Harrison Anti-Narcotic Act, § 1, as amended (26 USCA §§ 211, 691–694; Comp. St. § 6287g).

2. Criminal law ⚖︎1056(1)—Failure to instruct on presumption of innocence, not excepted to, held not reversible error.

A general request by defendant to instruct on the presumption of innocence, to which the court replied, "I have so instructed," in the absence of exception or specific instruction, requested and refused, *held* not to involve reversible error, though the instructions given contained nothing on the subject.

3. Criminal law ⚖︎1209—Sentence on each of two counts held for different offenses, and not to constitute punishment twice for same offense.

A count in an indictment for having unlawful possession of narcotic drugs in violation of Harrison Anti-Narcotic Act, § 8 (26 USCA § 700; Comp. St. § 6287n), and another count for unlawful sale of same in violation of section 2 of the act (26 USCA § 696; Comp. St. § 6287h), charge two distinct offenses under different provisions of the statute, and imposition of sentence on each count does not constitute punishment of defendant twice for same offense.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Criminal prosecution by the United States against Rocco De Bellis. Judgment of conviction, and defendant brings error. Affirmed.

John B. Boddie, of Chicago, Ill., for plaintiff in error.

Jacob I. Grossman, of Chicago, Ill., for the United States.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Plaintiff in error complains of his conviction upon an indictment charging him and one Colamanico with violation of the Narcotic Act and conspiracy to violate that act.

The indictment charges, in the first count, that the defendants purchased specified large quantities of morphine hydrochloride and cocaine hydrochloride; in the second, that defendants were persons whose business it was to deal in these drugs, and that they were required to register with the internal revenue collector and to pay the special tax, but not having registered nor paid the special tax, nevertheless had in their possession the large quantities of drugs above mentioned; in the third, that the defendants sold to one Dodd morphine and cocaine not in pursuance of a written order from Dodd on a form issued in blank by the Commissioner of Internal Revenue; in the fourth, that the defendants fraudulently and knowingly received, concealed, and sold, after importation, the large amount of drugs mentioned in the first count, knowing that the drugs had been unlawfully imported into the United States; and in the fifth, that the defendants, with persons unknown, conspired to unlawfully have narcotics in their possession as dealers, and to unlawfully purchase, sell, and possess these drugs.

Colamanico was a witness for the government, and plaintiff in error was tried alone. He was found guilty and sentenced upon all of the counts. The sentence was that he be imprisoned for five years on each of counts 1, 2, 3, and 4, and that he pay a fine of $5,000 and costs upon count 5. The judgment provided that the sentences on counts 2 and 3 should run consecutively, and that the sentences on counts 1 and 4 should run concurrently with the sentence on count 3, thus making the sentence of imprisonment ten years. The maximum punishment on counts 1, 2, and 3 is five years, and that on count 4 is ten years.

[1] Count 1 is based upon section 1 of the Harrison Act (26 USCA §§ 211, 691–694; Comp. St. § 6287g), and sufficiently charges an unlawful purchase of the drugs mentioned. The point made upon this count is that the evidence is not sufficient to warrant a conviction upon it. The only evidence to sustain the purchase alleged was the possession of the narcotics. There is no proof as to the venue. We held in De Moss v. United States, 14 F.(2d) 1021, that the mere possession of narcotics in the district is not sufficient to support the averment that it was purchased in the district.

Count 2 is based upon section 8 of the Harrison Act (26 USCA § 700 [Comp. St. § 6287n]). It charges that the defendants "were persons who then and there sold, distributed, dealt in, dispensed and gave away a certain derivative of opium, to wit, morphine hydrochloride, and a certain derivative of coca leaves, to wit, cocaine hydro-

chloride, and being such persons as aforesaid, it was then and there the duty of the said defendants to register with the collector of internal revenue of the United States for the first internal revenue collection district of Illinois, their names or style, place of business, and place or places where said business was to be carried on, and to pay the special tax required by law; and the said defendants, who were then and there such persons as aforesaid, and who had not then and there, nor theretofore, registered as required by law, and who had not then and there, nor theretofore, paid the special tax required by law, then and there knowingly, willfully, unlawfully, and feloniously did have in their possession and under their control, a large quantity of said morphine hydrochloride, to wit, 896 grains, and a large quantity of said cocaine hydrochloride, to wit, 19,980 grains."

Section 8 provides: "It shall be unlawful for any person not registered under the provisions of this act, and who has not paid the special tax provided for by this act, to have in his possession or under his control any of the aforesaid drugs; and such possession or control shall be presumptive evidence of a violation of this section, and also of a violation of the provisions of section one of this act."

This count charges, in apt words, that these persons were such persons as are required by the statute to register and pay the special tax, and that without having registered or paid they had in their possession and under their control the prohibited drugs, and is sufficient.

Count 3 charges that at and in the district the defendants "knowingly, willfully, unlawfully, and feloniously did sell to one Clarence Dodd, for a large sum of money, to wit, the sum of $60.00, a large quantity of a certain derivative of opium, to wit, 144 grains of morphine hydrochloride, and a large quantity of a certain derivative of coca leaves, to wit, 312 grains of cocaine hydrochloride, not in pursuance of a written order from said Clarence Dodd on a form issued in blank for that purpose by the Commissioner of Internal Revenue."

Section 2 of the Narcotic Act (26 USCA § 696; Comp. St. § 6287h) provides: "It shall be unlawful for any person to sell, barter, exchange, or give away any of the aforesaid drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue."

It charges the violation of this provision in the language of the statute and is sufficient.

Count 4 is based upon clause (c) of section 2 of the Narcotic Drugs Import and Export Act (21 USCA § 174). This count appears to be sufficient. It follows the language of the statute, and alleges that the defendants received and concealed narcotic drugs, after being imported, "knowing the same to have been imported contrary to law." The single fact of possession is relied on to sustain the conviction on this count.

Clause (f) of this section provides: "Whenever on trial for a violation of subdivision (c) the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains the possession to the satisfaction of the jury." 21 USCA § 174.

Upon the authority of De Moss v. United States, supra, it is argued that mere possession cannot be deemed sufficient to sustain the averment that the drugs were imported into the United States, and that plaintiff in error received or concealed them knowing them to have been imported contrary to law. It is not necessary to decide this because there are other counts proven upon which the judgment may rest. There was ample evidence to sustain the charge under count 2.

As to count 3, it is contended that the evidence fails to establish that there was a completed sale; that is to say, it is urged that there was no delivery of the drug to Dodd. Colamanico testified that in obedience to the directions of plaintiff in error he gave a package of the drug to Dodd. Under the circumstances testified to concerning this transaction, the statement of Colamanico that he gave it to Dodd can bear no other construction than that he delivered it to him. If the jury believed this, it would warrant a finding that the delivery was made.

It is contended that the court erred in permitting evidence to be given to the jury of a purchase by plaintiff in error from one person, and an offer by him to sell to another, neither of which persons were mentioned in the indictment. The fifth count charged that the defendants, with persons unknown, on January 1, 1924, conspired to violate the Narcotic Act; that is to say, to unlawfully have the drugs in their possession, as dealers, and to unlawfully sell and to unlawfully purchase the same. Under this count it was competent for the government to prove, as tending to establish the combination to commit the acts of possessing, purchasing and selling, that with-

in the period covered by the indictment this purchase and attempted sale were made. It was also competent as tending to prove the averment in the second count that plaintiff in error was a dealer in narcotics.

[2] The contention most urgently pressed upon us is that the court erred in not instructing the jury as to the presumption of innocence. The record shows that at the close of the court's instructions, and before the jury retired, counsel for the defendant said, "If the court please, may I request that the court instruct upon the presumption of innocence—" Whereupon the court said, "I have so instructed the jury." This seems to have been acquiesced in by counsel for plaintiff in error, and the record contains nothing further upon this point. If plaintiff in error had requested the court to instruct the jury that the defendant was presumed to be innocent, and that he could not be convicted until this presumption had been overcome by evidence convincing them of his guilt beyond all reasonable doubt, and the court had refused, and the refusal had been duly excepted to, under the case of Coffin v. United States, 156 U. S. 432, 15 S. Ct. 394, 39 L. Ed. 481, it would be reversible error. The record, however, does not show a request for a specific instruction upon this point, but a request that the court "instruct on the presumption of innocence." The statement of the court, "I have so instructed the jury," even if no such instruction appears in the record, cannot be construed as a refusal to so instruct; nor was this treated by plaintiff in error as a refusal, and as such excepted to. We do not think the plaintiff in error is in position to complain of the failure to specifically instruct upon the presumption of innocence.

[3] The trial court imposed a sentence of five years upon count 2 and five years upon count 3, and ordered that they run consecutively, thus making the sentence ten years. It is contended that this is punishing plaintiff in error twice for the same offense. It is to be observed that this is not a case where the government has charged the same transaction in two different ways, as violating two separate statutes (to meet the proof as it may come in), and secured the punishment of the guilty party for violating both statutes. In such case it may be said that he is twice punished for the same offense. Counts 2 and 3 charged two different offenses, under two different sections of the statute, and the facts constituting the offense charged in each count differ from those relied upon in the other. Unlawful possession is one thing and an unlawful sale is another, and the facts necessary to sustain each charge are separate and distinct. In this instance the sale was made to Dodd of a small amount of the drugs, and after the sale the larger amounts were found in the possession of plaintiff in error. The sale led to a search of his premises, and the search disclosed his possession. The sale preceded the possession, and the proof of one in no way established the other. The sale could not establish the possession proven, nor could the possession of what remained after the sale prove the sale.

It was within the power of the trial court to punish for both offenses, and counts 2 and 3 are sufficient to carry the sentence of ten years. They are supported by the evidence, and so far as concerns the judgment upon them no error appears warranting the reversal of it.

The count charging conspiracy is sufficient, and there is evidence to support the conviction upon it.

Judgment affirmed.