**ANDERSON v. UNITED STATES.**

No. 11280.

United States Court of Appeals
Sixth Circuit.

May 21, 1951.

John J. Chester, Columbus, Ohio, John J. Chester, Columbus, Ohio, on brief for appellant.

Loren G. Windom, Columbus, Ohio, R. J. O'Donnell, Loren G. Windom, Columbus, Ohio, on brief for appellee.

Before HICKS, Chief Judge, and SIMONS and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appellant was convicted by a jury of having violated § 2553(a), 26 U.S.C., which reads as follows: "It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the drugs mentioned in section 2550(a) except in the original

stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession same may be found; and the possession of any original stamped package containing any of the aforesaid drugs by any person who has not registered and paid special taxes as required by sections 3221 and 3220 shall be prima facie evidence of liability to such special tax."

The indictment contained four counts.[1] The District Court sentenced appellant to the maximum term of five years on each count, the sentences to run concurrently.

Substantial evidence to the following effect was presented: On November 28, 1949, a drugstore in the city of Columbus, Southern District of Ohio, Eastern Division, was burglarized. Among other things a large quantity of narcotics, including a bottle of Dover's powder, was stolen. On December 11, 1949, at about 2:45 A.M., appellant was traveling from Columbus to Cincinnati in an automobile which belonged to James Long and was driven by Burley Tennihill, a friend of appellant. An automobile ran into the car in the city of Wilmington, Ohio. Tennihill stated to the police that he was James Long, but upon being asked for his driver's license, he produced one issued in the name of Burley Tennihill, and thereupon he and appellant were arrested and incarcerated in jail. The next morning the chief of police, acting upon information, found three unbroken bottles of narcotics and one broken bottle containing a white powder behind a billboard some 25 feet from the scene of the accident. The next day the automobile was searched and a bottle of Dover's powder was found under the front seat. Analysis of the contents of the various bottles revealed that they were narcotics of the same type as some of those stolen from the Columbus drugstore. The number of grains in the bottle of Dover's powder tallied almost exactly with the contents of the bottle of Dover's powder taken from the drugstore. Three witnesses testified that later appellant made an oral statement admitting that he had obtained the narcotics from one Fred Grambo, who was suspected of having robbed the drugstore, and that on the occasion of the accident in Wilmington appellant was taking the narcotics to Cincinnati to dispose of them. At the trial appellant denied making any such statement and denied having possession of the narcotics. He said he was going to Cincinnati in order to secure a job.

Appellant contends that a transaction in which four bottles of narcotics are obtained in the same place and at the same time can not be the basis for a valid indictment in four counts charging the purchase of narcotics in violation of the statute. He urges that an indictment which separates the charge into four counts is clearly invalid because only one offense is shown. The possession, he claims, was all part of one transaction [Cf. Parmagini v. United States, 9 Cir., 42 F.2d 721] identical proof being required to establish all four counts of the indictment. Cf. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.

1. The Grand Jury charges:

Count 1

That on or about December 12, 1949, within the Eastern Division of the Southern District of Ohio, Harold J. Anderson did purchase 142 one-quarter grain tablets of Codeine Sulphate not in or from the original stamped package.

Count 2

That on or about December 12, 1949, within the Eastern Division of the Southern District of Ohio, Harold J. Anderson did purchase 72 ½ grain tablets of Codeine Sulphate not in or from the original stamped package.

Count 3

That on or about December 12, 1949, within the Eastern Division of the Southern District of Ohio, Harold J. Anderson did purchase 170 tablets of pantopon, morphine, and codeine (mixed) not in or from the original stamped package.

Count 4

That on or about December 12, 1949, within the Eastern Division of the Southern District of Ohio, Harold J. Anderson did purchase 424 grains of Dover's Powder, containing a derivative of opium, not in or from the original stamped package.

We are impressed with the similarity between the instant case and that presented in Braden v. United States, 8 Cir., 270 F. 441, 444, in which the court held that it was improper to base a separate count upon each drug found at the same time and place in the possession of the defendant. As the court aptly said, if twelve articles of merchandise were taken from a store "at the same time and place, we do not think it would be competent to charge the thief with twelve different larcenies."

■ The gist of the offense here is the unlawful purchase or disposition of narcotics. There is no claim that separate provisions of the statute have been violated nor is it the intent of the statute to make it an offense to purchase each single container as in the similar case where the statute prohibits abstraction of mail from a depository with the clear intent to make each separate abstraction a crime. Cf. Tesciona v. Hunter, 10 Cir., 151 F.2d 589. Whether appellant purchased the drugs of Grambo or received them as Grambo's agent, the jury found upon substantial evidence that all of the narcotics were received at the same time and in the same place, and were handled by appellant in exactly the same way. With the exception of the variation as to the particular type of drug contained in the various bottles the facts are identical. It is not possible to separate the treatment of the different bottles into transactions, each of which constitutes a completed offense. Cf. Robinson v. United States, 10 Cir., 143 F.2d 276. In making four out of one offense the indictment is unduly split and multiplied, Alabama Packing Co. v. United States, 5 Cir., 167 F.2d 179; Johnston v. Lagomarsino, 9 Cir., 88 F.2d 86, and if timely objection to the indictment had been made, it should have been quashed. However, no objection to the indictment was raised until the hearing in this court. The objection now made does not attack the court's jurisdiction nor assert that the indictment does not charge an offense. It should have been made by motion before trial. Rule 12(b)(2), Federal Rules of Criminal Procedure, 18 U.S.C.A. Because of failure to present the objection as required, it is waived. Also since the sentences upon the four counts run concurrently, and since the five-year sentence imposed in each case falls within the statutory limitation, § 2557, 26 U.S.C., as a practical matter appellant's penitentiary term will be the same as though the crime had been charged in one count. He is not prejudiced, and this contention has no merit.

■ Appellant also urges that the Government's evidence tends to show not a purchase of narcotics but a conspiracy to sell narcotics illegally, and that therefore no evidence of the crime charged in the indictment is presented.

This contention ignores the impact of the second clause of § 2553(a), which provides that the absence of appropriate tax-paid stamps shall be prima facie evidence of a violation of subsection (a) by the person in whose possession the drugs may be found. Two prerequisites are necessary in order that the presumption of violation shall arise: (1) the absence of the tax-paid stamps; and (2) the possession by the accused. Both of these elements are shown here. The absence of the tax-paid stamps is undisputed, and while appellant denies possession, the coincidence of the presence of the Dover's powder in the car in which he was riding, and the presence of the bottles of narcotics so close to the scene of the accident, entitled the jury to find that appellant had possession of the drugs. Also while the evidence of appellant's admissions was introduced by the Government it consisted not of testimony by Government witnesses, as to the manner in which appellant secured possession of the drugs, but was only a recital of statements made by appellant purporting to explain the transaction. Appellant's contradictory statements entitled the jury to disbelieve his story that he did not purchase the drugs. As pointed out in Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632, there is a presumption that contraband articles of this kind are obtained by purchase.

■ Substantial evidence of venue was given. Rule 18, Federal Rules of Criminal

Procedure. It was clearly shown that narcotics of the type described in the indictment including, as the jury did and might reasonably believe, the identical bottle of Dover's powder, were stolen in the Southern District of Ohio, Eastern Division, from a Columbus drugstore; that Grambo was an acquaintance of appellant; that appellant's wife worked in the drugstore at the time of the burglary; and it was a reasonable inference that appellant secured the drugs not in Wilmington, which is in the Western Division of the Southern District of Ohio, but in Columbus, which is in the Eastern Division.

Some of the earlier cases [Cf. Brightman v. United States, 8 Cir., 7 F.2d 532] hold that under this statute no presumption arises with respect to venue; but these holdings were reversed in Casey v. United States, supra. In that case a judgment holding that venue had not been established was reversed upon the ground that the absence of tax-paid stamps and possession of the drugs constituted prima facie evidence not only of illegal purchase, but of venue. There, as here, no testimony was introduced directly concerning the purchase. The court, speaking through Mr. Justice Holmes, declared that the statute requires a defendant to prove the facts peculiarly within his own knowledge and hidden from discovery by the Government. It was squarely held that the defendant must show he obtained the drugs in a mode permitted by law, and that because of the contradictory and unbelievable statements of the defendant, the presumption controlled. In Acuna v. United States, 5 Cir., 74 F.2d 359, and Frazier v. United States, 82 U.S.App.D.C. 332, 163 F.2d 817, which involved charges of violation of the Narcotics Act, no direct proof of the fact of purchase was given. However, the court held that possession of the drugs in containers not bearing tax-paid stamps raised a presumption which in absence of a satisfactory explanation justified conviction. These decisions, squarely in point, require that we affirm the judgment.

Judgment affirmed.