### JONES v. UNITED STATES.

No. 4310.

United States Court of Appeals
Tenth Circuit.

Dec. 11, 1951.

Elmore A. Page, Tulsa, Okl., for appellant.

John S. Athens, Asst. U. S. Atty., Tulsa, Okl., (Whit Y. Mauzy, U. S. Atty., Tulsa, Okl., on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

An indictment containing two counts was returned against appellant in the United States District Court for the Northern District of Oklahoma, charging him with violating Title 26, U.S.C.A. § 2593(a).[1] Both counts charged that appellant unlawfully acquired quantities of bulk marijuana by transfer, without having paid the transfer tax imposed thereon by Section 2590 (a). Trial was had to the court. He was found guilty on both counts and judgment of sentence was pronounced on him.

While appellant denied possession of the drugs, there was substantial evidence supporting a finding that they were in his possession in his room in Tulsa, Oklahoma. It is conceded that he did not have the order form for the possession of such drugs required by 26 U.S.C.A. § 2591. 26 U.S.C.A. § 2593(a) provides that failure, after reasonable notice and demand by the collector, to produce this order form "shall be presumptive evidence of guilt under this section and of liability for the tax imposed by section 2590(a)."

The sole contention made by appellant on this appeal is that the statutory presumption of guilt attaching from the possession of the drugs does not carry with it a presumption that the crime was committed within the jurisdiction of the United States District Court for the Northern District of Oklahoma and that, before a conviction may be had thereunder, the Government must prove as an essential element the place and venue of the offense. The cases of De Bellis v. United States, 22 F.2d 948, by the Seventh Circuit, and Brightman v. United States, 7 F.2d 532, Graham v. United States, 15 F.2d 740, Cain v. United States, 12 F.2d 580 and Donaldson v. United States, 23 F.2d 178, all by the Eighth Circuit, sustain this contention.

We, however, think that the weight of authority as well as the better reasoning is to the contrary. The cases set out in Footnote 2 all hold that the statutory prima facie evidence clause covers both the fact of unlawful purchase as well as the place of purchase.[2] Casey v. United States, 9 Cir., 20 F.2d 752, was reviewed by the Supreme Court of the United States in 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632 and was affirmed. While the decision is not clear cut as to the precise question, we think it warrants the conclusion that the Supreme Court approved the reasoning of the Casey case. It is also of note that the decision of the Supreme Court in the Casey case was handed down four months after the decision in the Donaldson case, the last case on which appellant relies and that, since the decision of the Supreme Court, no decision has followed the earlier holdings by the Seventh and Eighth Circuits. We accordingly conclude that the statutory presumption applies as well to the place of the commission of the offense as to the commission thereof.

Affirmed.

---

1. "§ 2593 (a) It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 2590 (a) to acquire or otherwise obtain any marihuana without having paid such tax; and proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the collector, to produce the order form required by section 2591 to be retained by him, shall be presumptive evidence of guilt under this section and of liability for the tax imposed by section 2590 (a)."

2. Casey v. United States, 9 Cir., 20 F.2d 752; Killian v. United States, 58 App. D.C. 255, 29 F.2d 455; Mullaney v. United States, 9 Cir., 82 F.2d 638; Frazier v. United States, 82 U.S.App.D.C. 332, 163 F.2d 817.