UNITED STATES v. CHIARELLI et al.
No. 10363.

United States Court of Appeals
Seventh Circuit.

Nov. 5, 1951.

Writ of Certiorari Denied Jan. 14, 1952.
See 72 S.Ct. 359.

William Scott Stewart, Louis J. Giliberto, Chicago, Ill., for appellants.

Otto Kerner, Jr., U. S. Atty., Daniel P. Ward, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before D U F F Y, FINNEGAN and LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

An indictment containing three counts charged defendants with violating the government narcotic laws. Count 1 charged that they purchased heroin from an unknown person, not in or from the original stamped package, in violation of Sec. 2553 (a), Title 26 U.S.C. Count 2 charged that they knowingly received, concealed, bought and facilitated the transportation and concealment after importation of heroin, knowing it to have been illegally imported in violation of Sec. 174, Title 21 U.S.C. The 3rd count charged that they conspired to commit the crimes alleged in counts 1 and 2, in violation of Sec. 371, Title 18 U.S.C.

Defendants pleaded not guilty, waived trial by jury, and were tried by the court. Both were found guilty on all counts. Serritella was sentenced to five years and Chiarelli to three years respectively, on each of the three counts of the indictment, the sentences to run concurrently. This appeal is from the trial court's judgment.

To reverse the judgment, defendants contend they were not proven guilty of the charges made in any or all of the counts of the indictment, and specifically that the government failed to make out a case warranting their conviction.

In their brief defendants say: "We are aware of the rule which requires that the evidence must now be reviewed in the light most favorable to the Government. Ackerson v. United States, 8 Cir., 185 F.2d 485. Also we realize that it will do the defendants no good to secure reversal as to only one or even two counts. If the Government has proved their guilt as to any one count, the sentence must stand. United States v. Hornstein, 7 Cir., 176 F.2d 217; Sugarman v. United States, 9 Cir., 35 F.2d 663."

The evidence for the government discloses that on or about January 28, 1950, police officers Wallace and Page, of the Narcotics Detail of Chicago Police Department, were in the vicinity of 41st Street and Calumet Avenue, in the City of Chicago, Illinois, looking for two men suspected of delivering packages containing narcotics and reported to be in that neighborhood driving a blue Oldsmobile automobile, carrying 1950 Illinois license No. 757658.

An automobile of such description, with Serritella driving and Chiarelli seated beside him, drove up in front of 4059 Calumet Avenue while the officers were waiting in their own car in close proximity. Chiarelli left the Oldsmobile carrying a package under his arm and started to walk across Calumet Avenue. Officer Wallace drove his car alongside the Oldsmobile and he and Page identified themselves as police officers. Officer Page followed Chiarelli as he crossed the street. Serritella drove his car into the side of the officer's car. To protect himself from injury, officer Wallace jumped back into his car. Chiarelli ran south on Calumet Avenue, and officer Page fired a shot in the air to halt him. But he continued to run, and was shot and wounded by officer Wallace while turning the corner at 41st Street and Calumet Avenue. Serritella fled from the scene in his Oldsmobile, pursued by officer Wallace, who was outdistanced, but later, on February 18, 1950, Serritella was apprehended in a tavern in the company of Chiarelli.

In his flight Chiarelli threw the package he was carrying into the street. The package contained heroin and did not bear the required federal tax-paid stamps. In the package two envelopes containing heroin bore fingerprint impressions of Serritella. The blue Oldsmobile was purchased and owned by Serritella under the name of Tony Capolo, and registered with the Secretary of State of Illinois under that name. Defendants did not testify, but evidence on an issue no longer in the case was presented in their behalf.

Motions to acquit defendants were denied and a judgment finding both defendants guilty was entered.

On behalf of Serritella, it is contended that the proof did not show that he had possession of the heroin in question. Willsman v. United States, 8 Cir., 286 F. 852; Henry Woo v. United States, 4 Cir., 73 F. 2d 897, and Grantello v. United States, 8 Cir., 3 F.2d 117 are cited, without argu-

ment; the facts in those cases are not similar to the facts in the case before us. No argument is made here that under the evidence he did not have possession. The package containing the drug was in the Oldsmobile when the police officers drove alongside the car. The evidence showing his fingerprints on two envelopes, and his presence at the scene and participation in the happenings on January 28, 1950, in the vicinity of 4059 Calumet Avenue, was not controverted.

Sec. 2(a) of Title 18 U.S.C. provides: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

In United States v. Cohen, 2 Cir., 124 F. 2d 164, 165, certiorari denied Bernstein v. U. S., 315 U.S. 811, 62 S.Ct. 796, 86 L.Ed. 1210, a narcotics case, it was said: "Under the first statute we have quoted it was only necessary to show possession of the narcotics to establish guilt and under the second statute, making an abettor a principal, it was not necessary that each of the defendants should have had the narcotics, but only that one or more of them had possession while the others aided in the illicit transaction to which that possession was incidental. United States v. Hodorowicz, 7 Cir., 105 F.2d 218, 220, certiorari denied, 308 U.S. 584, 60 S.Ct. 108, 84 L.Ed. 489; Vilson v. United States, 9 Cir., 61 F.2d 901."

■ It is apparent from this record that appellants were acting in concert in an illegal undertaking, and that the narcotics in question were in possession of both.

■■ It is also contended that the proof failed to show that Chiarelli had knowledge of the contraband narcotic contents of the package he threw into the street in trying to flee from officer Page. Whether he had such knowledge was a question for the trier of the facts—United States v. Feinberg, 7 Cir., 123 F.2d 425. And inferences reasonably drawn from evidence presented are also for the fact trier. Rendleman v. United States, 9 Cir., 38 F.2d 779, 780.

Section 174, Title 21 U.S.C. provides in part: "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

Section 2553(a), Title 26 U.S.C., provides in part: " * * * the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession same may be found".

■ Thus the burden of explaining and justifying possession of the heroin was upon defendants. Landsborough v. United States, 6 Cir., 168 F.2d 486, certiorari denied, 335 U.S. 826, 69 S.Ct. 51, 93 L.Ed. 380; Stoppelli v. United States, 9 Cir., 183 F.2d 391. They failed to explain and justify such possession.

■ Defendants urge "that the fingerprint evidence is of little or no value." Two fingerprints of Serritella were found on envelopes containing the heroin. He was the driver of the automobile from which Chiarelli emerged carrying the package containing the heroin, and was identified as being at the scene on January 28, 1950, and later arrested in company of Chiarelli. He fled from the scene just as Chiarelli attempted to do. The fingerprint evidence was properly admitted and considered by the trial court in arriving at its finding and judgment.

Defendants say that each count of the indictment alleges "a quantity of a certain derivative of opium, to-wit: 177 grains of heroin" and that no proof of the quantity is made by the Government. Defendants apparently attempt to bring themselves within the scope of Sec. 2551(a) of Title 26 U.S.C., which exempts from the operation of Sec. 2553(a) the possession of one-eighth of a grain or less of heroin.

■ A defendant claiming to come within that exemption has the burden of so showing.

The physical exhibits were before the trial court and were admitted in evidence without objection on the part of defendants.

■ In a case where a similar contention was made, this court in United States v. Holmes, 187 F.2d 222, 224, said: "The size of the package was a physical exhibit before the trial judge, but in addition we think that the burden of proof was on the defendant to show that he came within the exemption of that statute."

In the case before us, no such proof was made by defendants and no objection was made by them on the trial to any lack of proof of quantity. The objection is raised here for the first time. If there is merit to the point it would apply only to count 1. The record shows no proof on the point, but lack of such proof will be of no avail to defendants, as it is not necessary that there be sufficient evidence to sustain a judgment of guilt on all counts of the indictment. Conviction on either counts 2 or 3 would support the judgment of conviction. United States v. Hornstein, 7 Cir., 176 F.2d 217.

The sentences imposed by the court are well within the maximum sentences permitted by the law.

■ Although no objection was made by defendants on the trial that the substance contained in the package in evidence was heroin hydrochloride, and came within the purview of Sec. 2553(a), Title 26, and Sec. 174, Title 21 U.S.C., they urge here that no proof was made that heroin hydrochloride was a derivative of opium. There seems no longer any question that heroin is a derivative of opium, and the District Court properly took judicial notice of that fact. United States v. Holmes, supra; Chadwick v. United States, 5 Cir., 117 F.2d 902, 903; Hughes v. United States, 8 Cir., 253 F. 543–545; James v. United States, 5 Cir., 279 F. 111–112, and Greenberg v. United States, 8 Cir., 285 F. 865–867.

Defendants claim that venue was not established on the trial. The record before us is replete with references to the facts in evidence taking place in Chicago, Illinois.

■■ If, upon the whole evidence, it may reasonably be inferred that the crime was committed where the venue was laid, that is sufficient. United States v. Jones, 7 Cir., 174 F.2d 746–749. This record shows direct and positive proof of venue in Chicago, Illinois. And, of course, Chicago is in the Northern District of Illinois, Eastern Division. Moreover, the absence of tax-paid stamps and possession of the drugs constituted prima facie evidence of illegal purchase, and also venue.

In Anderson v. United States, 189 F.2d 202–205, the United States Court of Appeals, Sixth Circuit, discusses a conviction under Sec. 2553(a), in part, as follows: "Some of the earlier cases (Cf. Brightman v. United States, 8 Cir., 7 F.2d 532) hold that under this statute no presumption arises with respect to venue; but these holdings were reversed in Casey v. United States, supra. (276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632.) In that case a judgment holding that venue had not been established was reversed upon the ground that the absence of tax-paid stamps and possession of the drugs constituted prima facie evidence not only of illegal purchase, but of venue. There, as here, no testimony was introduced directly concerning the purchase. The court, speaking through Mr. Justice Holmes, declared that the statute requires a defendant to prove the facts peculiarly within his own knowledge and hidden from discovery by the Government. It was squarely held that the defendant must show he obtained the drugs in a mode permitted by law, and that because of the contradictory and unbelievable statements of the defendant, the presumption controlled. In Acuna v. United States, 5 Cir., 74 F.2d 359, and Frazier v. United States, 82 U.S.App.D.C. 332, 163 F.2d 817, which involved charges of violation of the Narcotics Act, no direct proof of the fact of purchase was given. However, the court held that possession of the drugs in containers not bearing tax-paid stamps raised a presumption which in absence of a satisfactory explanation justified conviction. These decisions, squarely in point, require that we affirm the judgment."

Defendants contend there is a failure of proof of the conspiracy alleged. The record convinces us that the contention lacks merit.

The evidence shows both defendants had possession of the heroin; the absence of tax-paid stamps; that the package thrown into the street by Chiarelli contained heroin, and possession of the drug was not explained to the satisfaction of the trier of the facts.

The court believed the witnesses for the government and found defendants guilty, and the record before us supports that finding by substantial and convincing evidence.

The judgment of the District Court is affirmed.