**Larry WARE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17025.**

United States Court of Appeals
Eighth Circuit.

Oct. 25, 1962.

Larry C. Ware filed brief pro se.

D. Jeff Lance, U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before VOGEL and VAN OOSTERHOUT, Circuit Judges, and VAN PELT, District Judge.

VOGEL, Circuit Judge.

Larry Ware, the appellant herein, was on October 16, 1957, found guilty by a jury of all five counts of an indictment charging violations of 26 U.S.C.A. §§ 4704(a), 4705(a) and 21 U.S.C.A. § 174 pertaining to the purchase, possession and sale of narcotic drugs. On May 5, 1958, appellant was sentenced to a term of five years on Count 1 and a like term on Count 4, such sentences to be served consecutively, making a total of ten years. He was also sentenced to a term of five years each on Counts 2, 3 and 5, such sentences to be served concurrently with the sentence on Count 1. The verdict and judgment of conviction were appealed to this court and affirmed in Ware v. United States, 8 Cir., 1958, 259 F.2d 442. The present appeal is from a denial, without a hearing, of appellant's petition under 28 U.S.C.A. § 2255.

Section 2255 provides that, "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *", the court shall grant a prompt hearing thereon. We think the files and records in this case conclusively establish that the appellant was not entitled to relief and that the District Court did not err in refusing to grant a hearing.

During the original trial and subsequent appeal to this court, appellant was represented by competent counsel of his

own choice. He is currently confined in the United States Penitentiary at Leavenworth, Kansas. In this proceeding he appears *pro se*.

■ Appellant's first contention is that Count 1 of the indictment was defective and that his conviction thereunder constituted a violation of his constitutional rights. He charges that:

"First this court must notice the fact that no measurable quantity of narcotics was involved in Count One, therefore the trial court was in the first instance without competent jurisdiction under 'Count One'."

Count 1 of the indictment charged as follows:

"The Grand Jury charges:

"That on or about the 21st day of August, 1954, in the City of St. Louis, in the State of Missouri, within the Eastern Division of the Eastern District of Missouri,

"LARRY WARES, [sic]

the defendant, did unlawfully purchase from a person whose name is to the Grand Jury unknown, at and for a price and sum unknown, a certain narcotic drug, to.wit, 117 grains, more or less, of heroin, which said narcotic drug defendant did purchase other than in or from the original stamped package containing the same.

"In violation of Section 4704(a), Title 26, United States Code."

In addition, the transcript shows that William Shaller, a government chemist, testified both on direct and cross-examination that the exhibit involved in Count 1 contained 117 grains of heroin. It would seem perfectly obvious that as to this point the files and records show the appellant is entitled to no relief.

■ Appellant's next contention would appear in substance to be that the government failed to prove the commission of the crime charged in Count 1, and also failed to prove its commission within the jurisdiction of the trial court. In his brief he alleges as follows:

"In this case there is absolutely no evidence of any character, not even a Scientilla [sic] thereof, which relates to illegal purchase of narcotics by the accused within the area of the trail [sic] court, thus these facts standing alone would require the court to instruct the jury to return a finding of not guilty as to count one of the indictment as a matter of law. This the court failed to do, therefore this court must acquit the appellant."

■ As to the general attack upon the sufficiency of the evidence, we have already held in the direct appeal, Ware v. United States, supra at page 444, of 259 F.2d, that there was ample evidence to support the conviction. On the narrower jurisdictional question, Count 1 of the indictment, which appellant attacks here, and which we quote supra, specifically alleges the commission of the crime on the 21st day of August, 1954, in the City of St. Louis in the State of Missouri within the Eastern Division of the Eastern District of Missouri, which is, of course, within both the jurisdiction and venue of the trial court. At the trial the government established through witnesses that the appellant had the narcotics in his possession at the corner of Ewing and Chouteau Streets in the City of St. Louis, Missouri, on August 21, 1954. This established the presumption that the appellant had illegally purchased it other than in or from the original stamped package and was prima facie evidence of a violation of the section under which he was charged, 26 U.S.C.A. § 4704, which provides as follows:

"*Packages*

"*(a) General requirement.*—It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid

stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

It is true that this court, in Brightman v. United States, 8 Cir., 1925, 7 F.2d 532, at page 534, held under a similar statute:

"The presumption of the statute alone, however, was not sufficient for conviction. Before the defendant could properly be convicted, it was necessary for the government to go further and prove that the venue was the Western district of Oklahoma."

In that case, the government contended that the defendant there had waived the question of venue by not calling attention to it at the trial in District Court. This court, however, held that the issue was preserved through a motion for a directed verdict based on the insufficiency of the evidence. The Brightman holding, however, must be considered now in the light of Casey v. United States, 1928, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632. In a situation similar to that with which we are concerned here, the Supreme Court, speaking through Mr. Justice Holmes, said, beginning at page 417, 48 S.Ct. at page 374:

"* * * For the petitioner it was argued that the presumption thus created does not and, consistently with the Sixth Amendment to the Constitution, cannot extend so far as to show a purchase within the district and thus to bring the case within the jurisdiction of the trial Court. The Circuit Court of Appeals answered that the objection to the venue was *not raised specifically below*. The Court was asked to direct a verdict for the defendant on the ground that the evidence was not sufficient and *elsewhere it has been held that such a request is enough to save the question, and that a presumption extended to the place of purchase could not be upheld*. Brightman v. United States, 7 F. (2d) 532. Cain v. United States, [8

Cir.], 12 F.(2d) 580. Hood v. United States [9 Cir.], 14 F.(2d) 925. De Moss v. United States [7 Cir.], 14 F.(2d) 1021. *But we are of opinion that upon the facts of this case the Court was right."* (Emphasis supplied.)

The court below had made the following statement, Casey v. United States, 9 Cir., 1927, 20 F.2d 752, 753–754:

"While defendant's contention is not without support in the decided cases (see Brightman v. United States [C.C.A.(8)] 7 F.[2d] 532; Cain v. United States [C.C.A.(9)] 12 F.[2d] 580; and De Moss v. United States [C.C.A.(7)] 14 F.[2d] 1021), to grant it would seem to rob the statute of all efficacy. If, independently of the statutory presumption, the government must affirmatively prove the place of purchase, it must also by like evidence prove the substantive fact of purchase, for how the place of purchase can be established without at the same time proving the purchase is not apparent. *Fairly construed, the statute in our opinion extends the presumption to the incidental matter of place, as well as the substantive matter of purchase."* (Emphasis supplied.)

Of the cases cited, Brightman v. United States, 8 Cir., 1925, 7 F.2d 532; Cain v. United States, 8 Cir., 1926, 12 F.2d 580; and Hood v. United States, 8 Cir., 1926, 14 F.2d 925, were all from this Court. In Cain, Judge Stone, in a separate brief opinion at page 582 of 12 F.2d, expressed:

"I have serious doubt concerning the rule, announced in the Brightman Case and followed herein, as to the statutory presumption arising from possession."

De Moss v. United States, 1926, 14 F.2d 1021, was from the Seventh Circuit and decided solely on the authority of Brightman. All, of course, preceded the Supreme Court case of Casey v. United States, supra. Following that case, a host of cases from the Courts of Appeals have held that upon proof of possession

of narcotics the statutory presumption of violation carries with it the presumption of venue. In Shurman v. United States, 5 Cir., 1955, 219 F.2d 282, at page 288, the court stated:

"Although the early cases cited by defendants' brief, Brightman v. United States, 8 Cir., 7 F.2d 532; Cain v. United States, 8 Cir., 12 F.2d 580; Graham v. United States, 8 Cir., 15 F.2d 740; Donaldson v. United States, 8 Cir., 23 F.2d 178; and Hood v. United States, 8 Cir., 14 F.2d 925, as well as De Bellis v. United States, 7 Cir., 22 F.2d 948, support the contention that the presumption created by such statutes does not extend to the place and venue of the offense, all of the more recent cases and the weight of authority are to the contrary. While the opinion of the Supreme Court in Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632, is not precisely in point, it seems to approve the reasoning of the Court of Appeals' opinion in the same case, 9 Cir., 20 F.2d 752, that the presumption does extend to venue. See also the note in 13 Cornell L.Q. 627. All cases since Casey v. United States have held so. Acuna v. United States, 5 Cir., 74 F.2d 359; Landsborough v. United States, 6 Cir., 168 F.2d 486; Anderson v. United States, 6 Cir., 189 F.2d 202; United States v. Stallsworth, 7 Cir., 193 F.2d 870; certiorari denied 343 U.S. 942, 72 S.Ct. 1035, 96 L.Ed. 1347; Rosenberg v. United States, 9 Cir., 13 F.2d 369; Jones v. United States, 10 Cir., 193 F.2d 115; Killian v. United States, 58 App.D.C. 255, 29 F.2d 455; Goode v. United States, 80 U.S.App.D.C. 67, 149 F.2d 377; Frazier v. United States, 82 U.S.App.D.C. 332, 163 F.2d 817. See also Charley Toy v. United States, 2 Cir., 266 F. 326, certiorari denied 254 U.S. 639, 41 S.Ct. 13, 65 L.Ed. 452. In this Circuit, then, this proposition is so firmly established as to be beyond dispute."

United States v. Pisano, 7 Cir., 1951, 193 F.2d 355, 360:

"Defendants contend that proof of venue is not within the presumption created by Section 174 of Title 21 or Section 2553(a), Title 26 U.S.C. This question is definitely settled by recent decisions of the Supreme Court and the Courts of Appeals. Thus, in Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632, the Supreme Court said that such a statutory presumption is sufficient to sustain a conviction of the crime charged. Such proof necessarily includes venue. In Anderson v. United States, 6 Cir., 189 F.2d 202, 205, after referring to the fact that some earlier decisions had held that the presumption did not include venue, the court concluded that these holdings had been reversed in Casey v. United States and that in that case 'It was squarely held that the defendant must show he obtained the drugs in a mode permitted by law'. In Frazier v. United States, 82 U.S.App. D.C. 332, 163 F.2d 817, 818, the court said: 'Appellant contends there was no evidence that he purchased the drugs, or that he acquired them in the District. There was no direct testimony on either point but none was necessary. The statutory "prima facie evidence" clause, quoted above, covers both the fact of purchase and the place of purchase. "The statute here talks of prima facie evidence, but it means only that the burden shall be upon the party found in possession to explain and justify it when accused of the crime that the statute creates." Casey v. United States, 276 U.S. 413, 418, 48 S.Ct. 373, 374, 72 L.Ed. 632.' "

Graham v. United States, 6 Cir., 1958, 257 F.2d 724, 729:

" * * * It was not necessary to introduce evidence showing a purchase. Under the statute, absence of appropriate taxpaid stamps was prima facie evidence of a violation of

462

the statute, including venue. Landsborough v. United States, 6 Cir., 168 F.2d 486, 488; Bateman v. United States, 6 Cir., 225 F.2d 91; Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632."

Bateman v. United States, 6 Cir., 1955, 225 F.2d 91:

" * * * Possession raises a presumption of illegal purchase and, accordingly, of venue. Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632; Anderson v. United States, 6 Cir., 189 F.2d 202. There was no satisfactory explanation made to the jury of appellant's possession of the narcotics."

 In view of Casey v. United States, supra, and the overwhelming number of Courts of Appeals cases in apparent harmony therewith, we conclude here that the statutory presumption following possession as being sufficient to establish a violation includes the presumption of venue. Any other result would, as stated above, effectively destroy the value of the presumption.

Appellant's third contention is that Count 1 must be set aside "because the indictment failed to allege an offense against the United States". In support, he cites Hale v. United States, 4 Cir., 1937, 89 F.2d 578, wherein the defendant there was charged with the sale of narcotics not "in the original stamped package" but it was not also alleged that it was not from that package. The court there held that, page 579:

" * * * every ingredient of the crime must be charged in the bill, * * * "

and that in failing to allege that the sale was also not from the original package, it was defective. See, also, United States v. Glass, 7 Cir., 1960, 277 F.2d 566. A reading of Count 1, supra, charging that the drug was purchased "other than in or from the original stamped package containing the same" disposes of appellant's third point. Additionally, it might be stated here that appellant's points one and three concern the sufficiency of Count 1 of the indictment. We have held time and again that, in the absence of extremely unusual circumstances, such questions are not reviewable on appeal from the denial of a motion to vacate sentence under § 2255. Roth v. United States, 8 Cir., 1961, 295 F.2d 364, and cases cited therein.

The order of the District Court is affirmed.