## UNITED STATES v. STALLSWORTH.
### No. 10462.

United States Court of Appeals
Seventh Circuit.

Dec. 19, 1951.

Rehearing Denied Feb. 19, 1952.

Julius Lucius Echeles, Chicago, Ill., for appellant.

Otto Kerner, Jr., U.S. Atty., Daniel P. Ward, Asst. U.S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal from a judgment of the District Court upon a verdict of a jury finding the defendant guilty on an indictment which charged the defendant with having been a transferee of marihuana subject to the payment of a tax imposed by 26 U.S.C.A. § 2590(a), and with having obtained a quantity of marihuana without having paid the tax in violation of 26 U.S.C.A. § 2593(a).

The evidence shows that the defendant was arrested in Chicago, Illinois, on August 29, 1950, by government narcotics agents. Immediately prior to his arrest the government agents had followed him for several blocks while he was driving alone in his automobile. The defendant at first denied ownership of the automobile but keys found in his pocket unlocked it. The agents found nothing on the defendant's person, but in his car they found a paper bag containing a substance which a government chemist testified was marihuana. A qualified finger print expert of the United States Treasury Department identified a finger print found on the paper bag as corresponding to the defendant's finger print.

Section 2593(a) of Title 26 United States Code provides: "It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 2590(a) to acquire or otherwise obtain any marihuana without having paid such tax; and proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the collector, to produce the order form required by section 2591 to be retained by him, shall be presumptive evidence of guilt under this section and of liability for the tax imposed by section 2590(a)." 26 U.S.C.A. § 2593(a).

The law also requires that a purchaser of marihuana shall retain for a period of two years a copy of the order authorizing such a transfer. 26 U.S.C.A. § 2591(d).

In this case it is admitted that a Mr. Eichenberg, a deputy collector of the Bureau of Internal Revenue, on the same day that the defendant was arrested, asked the defendant to produce the form required by § 2591(d), and that the defendant answered,

"No." Mr. Eichenberg also testified that the defendant never furnished the form. The defendant contends that this was not "reasonable notice and demand by the collector" and that, therefore, the defendant's failure to produce the order was not presumptive evidence of guilt under this section.

The statute prescribes no particular manner in which such a demand shall be made nor does it specify any particular form or words to be used. The answer of the defendant to the demand would seem to indicate that he understood it. If he had not understood the demand upon him it would be reasonable to assume that he would have asked for an explanation. Instead he simply answered, "No." If the defendant had had such an order at some other place than on his person it would be reasonable to assume that he would have asked for time and the opportunity to procure it.

■ Counsel for the defendant seems to contend that the required "notice and demand" consists of two separate acts—first, a notice and, second, a demand. We do not believe that Congress intended to require that the collector should first give the possessor of marihuana a notice that such a demand was going to be made and then follow the notice by making a formal demand. It would be more likely to assume that by the use of the word "notice" in this section of the Act, Congress intended to require only that the demand should be brought to the notice of the possessor of the marihuana so that he might be able to produce the order which would show his possession to be the result of a legal transfer to him. Here the demand was brought to his notice. The collector made the demand on the defendant personally. Between the time of the demand and the time of the trial more than eight months elapsed during which time the defendant could have produced the order if there had been one in existence. We think the demand on the defendant satisfied the requirements of § 2593(a) and that the defendant's failure to produce the order was, therefore, presumptive evidence of his guilt under the section. United States v. Markham, 7 Cir., 191 F.2d 936.

■ The principal contention of the defendant is that the government failed to prove venue in the Northern District of Illinois. We are of the opinion that under the facts of this case the presumption of guilt from the defendant's failure to produce the order also covered the question of venue. The marihuana was in the defendant's possession in this District. It was found in his automobile which he parked in front of 343 East 47th Street, Chicago, Illinois. The defendant had driven the automobile to this location. His finger print was on the package. The fact as to where the defendant acquired the marihuana was a fact peculiarly within his knowledge. Counsel for the defendant agrees that the presumption of guilt provision of the Narcotics Act, 26 U.S.C.A. § 2553(a), is similar to the provision of the Marihuana Tax Act which we are here considering and that the two provisions should be similarly interpreted and applied. The provision in the Narcotics Act states in part: " * * * the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession same may be found".

In discussing this statutory presumption of guilt prescribed in the Narcotics Act, the Supreme Court in Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632, held that under the facts of that case the presumption of guilt extended to the place of purchase and said further, 276 U.S. at page 418, 48 S.Ct. at page 374, 72 L.Ed. 632: "The statute here talks of prima facie evidence, but it means only that the burden shall be upon the party found in possession to explain and justify it when accused of the crime that the statute creates. 4 Wigmore, Evidence, § 2494. It is consistent with all the constitutional protections of accused men to throw on them the burden of proving facts peculiarly within their knowledge and hidden from discovery by the Government. 4 Wigmore, Evidence, § 2486. In dealing with a poison not commonly used except upon a doctor's prescription easily proved, or for a debauch only possible by a breach of law, it seems reasonable to

call on a person possessing it in a form that warrants suspicion to show that he obtained it in a mode permitted by the law.— The petitioner cannot complain of the statute except as it affects him."

See also Anderson v. United States, 6 Cir., 189 F.2d 202, 205. United States v. Nathan Chiarelli, 7 Cir., 192 F.2d 528; United States v. Pisano, 7 Cir., 193 F.2d 355.

■ In the instant case the defendant made a motion for a directed verdict at the close of the Government's case, a similar motion at the close of all of the evidence and a motion for a new trial after the jury returned its verdict. All three of these motions alleged failure of the Government to prove a prima facie case and insufficiency of the evidence to prove that the substance in question was marihuana, that proper notice and demand had been made upon the defendant and that the marihuana was the property of and in the possession of the defendant. However, none of these motions made any mention of venue nor any claim that venue had not been proved. We find in the Statement of Points to Be Relied On Upon Appeal the first intimation in the pleadings of defendant's claim that venue was not proved in the trial court. If the defendant intended to rely on this as error on appeal, the defendant should, in fairness to the trial court, have specifically raised the question in his motions in the court below.

Finally, the defendant contends that the Government failed to prove that the substance found in the defendant's possession was marihuana as defined in 26 U.S.C.A. § 3238(b). John D. Endriz, the only witness who testified on this point, testified that he graduated at the University of Chicago in 1921; that, after receiving his Bachelor's Degree, he did an additional year of graduate work in chemistry; that, after teaching chemistry, he served as an active consultant to various States' Attorneys and the Attorney General of Illinois; that in 1933 he became a chemist for the United States Treasury Department and that in his work for the Treasury Department he is now, and has been since 1933, analyzing various substances brought in by the treasury agents for analyses, such as narcotics, medicines, alcohol, beverages, etc.

Mr. Endriz testified that, based upon his experience and training as a chemist, he was of the opinion, from his examination of the substance found in the defendant's possession, that the substance was marihuana. His examination consisted of one physical microscopic test and four different chemical tests. He said that the purpose of these various tests was to corroborate each other, which they did in this case. This expert witness also testified that his examination and tests showed that the substance contained material other than the stalks, stems, fibers and seeds of the plant Cannabis sativa; that it did contain the leafy tops of the plant. The defendant offered no evidence to contradict the testimony of Mr. Endriz on this question.

The statutory definition of marihuana in § 3238(b) of the Code is as follows: "The term 'marihuana' means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil or cake, or the sterilized seed of such plant which is incapable of germination."

The trial court, upon the request of the defendant's counsel, instructed the jury that in order to find the defendant guilty it must find that the substance found in the defendant's possession was marihuana as defined by the statute. In this instruction the statutory definition of marihuana was recited verbatim. Pursuant to this instruction, the jury found the defendant guilty and, therefore, necessarily found that the substance in question was marihuana within the meaning of the statute.

■ An examination and a consideration of the entire testimony of the expert witness convinces us that it furnishes a reasonable basis for the jury's finding that the

substance in question was marihuana within the statutory definition. It follows then that this finding of the jury may not be disturbed.

 The defendant also complained that the trial court abused its discretion by unduly limiting the cross-examination of the expert witness by defendant's counsel. In our opinion the trial court was liberal with the defendant's counsel on the cross-examination of this witness. Counsel for the defendant was apparently going outside the field of chemistry and attempting to show that the expert witness was not an expert in his field by asking questions relating to the fields of botany and pharmacy in neither of which fields the witness claimed to be an expert.

The judgment of the District Court is affirmed.