**UNITED STATES of America**
v.
**William C. TURNER.**
**No. 55 CR 102.**

United States District Court
N. D. Illinois.
July 6, 1955.

Charles B. Evins, R. Eugene Pincham, Chicago, Ill., for defendant.

Robert Tieken, U. S. Atty., Chicago, Ill., for the United States.

HOFFMAN, District Judge.

The defendant was indicted for a violation of § 4744(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 4744(a) [formerly 26 U.S.C. § 2593(a)], which provides as follows:

> "It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741(a) to acquire or otherwise obtain any marihuana without having paid such tax; and proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the Secretary or his delegate, to produce the order form required by section 4742 to be retained by him shall be presumptive evidence of guilt under this section and of liability for the tax imposed by section 4741(a)."

The indictment charged that the defendant unlawfully possessed 47 grains of bulk marihuana; that he failed to pay the

transfer tax imposed by law and that he failed, after notice and demand, to produce the order form required by law.

At the close of the Government's evidence the court denied the defendant's motion for a judgment of acquittal. The defendant renewed the motion at the conclusion of his own case, and both parties have submitted briefs for the court's consideration. The sole question raised by the motion is whether or not the Government has established a violation of § 4744(a) when it has proved possession of marihuana by the defendant, and the defendant has not come forward with any evidence that he complied with the provisions imposing a transfer tax. In other words, is proof of possession alone sufficient for conviction under § 4744(a)?

The essential facts, as the court finds them, are as follows: The defendant, in company with several other persons, was spending the evening of January 31, 1955, at an apartment at 3404 Douglas Boulevard, Chicago. Officer Heitman of the Chicago Police Department and three other officers arrived at the building at approximately 11:30 that night with the intent of arresting the defendant. When the defendant opened the front door of the apartment in response to a ring, Officer Heitman identified himself and told the defendant that he was under arrest. At that point the defendant removed a white envelope from his pocket and dropped it to the floor. Officer Heitman recovered the envelope, and it was subsequently established that the contents were marihuana. This incident led to the present indictment. The Government, at the trial, made no effort to prove that the defendant failed, after reasonable notice and demand, to produce the order form which a transferee of marihuana is required to keep; and, in fact, the Government concedes that no such demand was made. Except for proving several subsidiary facts (*e. g.*, identifying the contents as marihuana), the Government offered no other evidence in support of its case.

The defendant argues that, having failed to prove notice and demand, the Government did not make out a prima facie case of nonpayment of the tax required of a transferee. The Government's position is that the provision in § 4744(a) relating to notice and demand is not a part of the substantive offense set out in that section, but is merely "a means of presumptive evidence" available to the Government if it chooses to take advantage of it. In this case the Government chose not to rely on the presumption. Even without it, however, the Government contends that the burden of proof is on the defendant once it has established possession. In this contention the government relies on § 7491 of the Internal Revenue Code of 1954, 26 U.S.C. § 7491 [formerly 26 U.S.C. § 2597], which provides:

> "It shall not be necessary to negative any exemptions set forth in part II of subchapter A of chapter 39, relating to marihuana, in any complaint, information, indictment, or other writ or proceeding laid or brought with respect to part II of subchapter A of chapter 39 and the burden of proof of any such exemption shall be upon the defendant. *In the absence of the production of evidence by the defendant \* \* \* that he has complied with the provisions of section 4742 relating to order forms, he shall be presumed not to have complied with such provisions of such section \* \* \*."* (Emphasis added.)

It is argued that the underscored part of this section means that if the Government shows possession,[1] the defendant is presumed not to have paid the transfer tax unless he himself produces contrary evidence.

At first examination the relationship between § 7491 and § 4744 is not clear.

---

1. Actually § 7491 says nothing at all about possession, but the Government apparently concedes that at least that much of the presumption created in § 4744(a) must be proved.

On the surface § 7491 seems to place on the defendant the burden of explaining the absence of an order form. But the court, has concluded that this is not the meaning of this section as applied to a prosecution under § 4744.

It may be conceded, as the Government contends, that the presumption created in § 4744 by possession, notice and demand, is not part of the substantive offense of acquiring marihuana without paying the transfer tax. The Government may obtain a conviction if it can establish the essential elements of the offense without the aid of the statutory presumption. This was done in Symons v. United States, 9 Cir., 1950, 178 F.2d 615, certiorari denied, 1950, 339 U.S. 985, 70 S.Ct. 1006, 94 L.Ed. 1388. There the defendant had at one point admitted that the marihuana was his and that he had purchased it from another person, and he named the seller and offered to help the authorities locate him. The evidence in this case is not of the same weight as that in the Symons case.

Where the Government does not invoke the presumption of § 4744, it must adduce evidence to establish all the essential elements of the offense described in that section. Clearly the last sentence of § 7491 is not broad enough to accomplish this.

In the first place, § 7491 does not refer to § 4744 at all, but rather to § 4742, relating to order forms. This latter section seems to have three purposes: (1) it makes it unlawful for anyone to transfer marihuana except pursuant to a written order presented by the transferee; (2) it lists certain exceptions to the requirement of a written order; and (3) it provides in detail the procedure for obtaining order forms. The transferee (i. e., the purchaser), who is the one primarily responsible for payment of the transfer tax imposed by § 4741, is required to pay the tax at the same time as he purchases the order forms (§ 4741 (b)). Subsection (d) of § 4742 provides that the purchaser must retain one copy of the order form and give the original to the person from whom he purchases the marihuana. From this listing of the matters covered in § 4742 it is evident that § 7491 is not deprived of all meaning by holding that it is not a substitute for the presumption set forth in § 4744. There are other situations to which § 7491 might be applied. For example, under § 4742(a) it is unlawful for a seller to transfer marihuana without a written order. If the Government were unable to produce positive evidence that the seller did not receive the order, § 7491 could be used to furnish a presumption that he did not receive and keep the order as he was required to do. This would seem to be a proper application of § 7491.

Another persuasive reason appears for rejecting the Government's interpretation of these sections. If the Government is correct that proof of possession immediately shifts the burden to the defendant, the presumption created in § 4744 becomes excess wordage. It would be wasteful for a prosecutor to take the time to prove notice and demand and failure to produce an order form when the only fact he is required to prove is possession. It would take a better showing than the Government has made before this court would be justified in writing out of the Code a provision as specific and unambiguous as this one [2]— particularly when the reason for its inclusion is so sound. The offense of § 4744 is the acquisition of marihuana without paying a transfer tax. But unlike some other taxes on narcotics, 26 U.S.C. § 4704 [formerly 26 U.S.C. § 2553], the evidence of payment of this tax is not required to appear on the container in which the narcotics are found. Rather, as provided in

2. Several courts of appeals, in reviewing convictions under § 2593, the predecessor of § 4744, have assumed that notice and demand must be shown. See, e. g., Charles v. United States, 9 Cir., 1954, 215 F.2d 825; United States v. Stallsworth, 7 Cir., 1952, 193 F.2d 870, certiorari denied, 1952, 343 U.S. 942, 72 S.Ct. 1035, 96 L.Ed. 1347. It is not clear that United States v. Williams, 2 Cir., 1947, 161 F.2d 835, is inconsistent with this conclusion.

§ 4743, the tax stamps are affixed to the order form. Possession of the marihuana without more would thus reveal little as to the defendant's guilt. But the defendant's failure to pay the tax could fairly be assumed if he were unable to produce the order form which he is required to keep and from which the payment can be traced. Presumptions which shift the burden of proof to a criminal defendant must have a reasonable basis. Tot v. United States, 1943, 319 U.S. 463, 63 S. Ct. 1241, 87 L.Ed. 1519. This one has, and it should not be ignored in favor of another and questionable presumption.

Since the Government did not prove that the defendant failed to produce an order form, after reasonable notice and demand, and since the evidence is not otherwise sufficient to establish a failure to pay the transfer tax, the motion of the defendant for a judgment of acquittal will be granted, and the defendant will be discharged.