Ray Edward GONDRON and Daniel Elchuk, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16334.

United States Court of Appeals Fifth Circuit.

March 14, 1957.

**150**

---

M. Gabriel Nahas, Jr., James Royall, Houston, Tex., for appellants.

Charles L. Short, Asst. U. S. Atty., Laredo, Tex., Malcolm R. Wilkey, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

PER CURIAM.

Appellants seek reversal of their convictions for violations of 26 U.S.C.A. § 4744(a), 18 U.S.C.A. § 545 for importation, concealment and transportation, and transfer of marihuana. We need not pass on their contentions for the Government, by its motion here, agrees that a new trial should be granted and that the judgments ought not to stand because the convictions may have been tainted by the untrue and false testimony of a specified key witness.

The result is that the relief sought by the appellants, the reversal of the judgments, is granted as prayed for by each of them. Mesarosh v. United States, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed. 2d 1, and see Communist Party of U.S. v. Subversive Activities Control Board, 351 U.S. 115, 76 S.Ct. 663, 100 L.Ed. 1003.

But since the cases are such that, exercising the discretionary duty imposed on us, 28 U.S.C.A. § 2106, we would not have here rendered judgments of acquittal even though the evidence might have been insufficient, the reversals requested and obtained by appellants must be for a new trial. Bryan v. United States, 5 Cir., 175 F.2d 223, affirmed 338 U.S. 552, 70 S.Ct. 317, 94 L. Ed. 335.

Reversed and remanded for new trial.