See also 159 F.Supp. 691.

**Daniel ELCHUK, Petitioner,**

**v.**

**James W. McCARTY, United States Marshal, Southern District of Texas.**

**UNITED STATES of America,**

**v.**

**Daniel ELCHUK, Defendant.**

**Crim. No. 17271.**

United States District Court
S. D. Texas,
Laredo Division.

Oct. 9, 1957.

N. Gabriel Nahas, Jr., Houston, Tex., for petitioner-defendant.

ALLRED, District Judge.

On September 20, 1956, Elchuk, along with Ray Edward Gondron, was convicted in this court, Cr. 17,271, of violations of 26 U.S.C.A. § 4744(a), and 18 U.S. C.A. § 545, importation, concealment, transportation and transfer of marihuana. He was sentenced to 10 years imprisonment. Both Elchuk and Gondron appealed, filed briefs in the court of appeals and sought reversal. What happened thereafter is succinctly and best stated by the per curiam opinion of the Court of Appeals:[1]

"* * * We need not pass on their (appellants') contentions for the Government, by its motion here, *agrees* that a new trial should be granted and that the judgments ought not to stand because the convictions *may* have been tainted by the untrue and false testimony of a specified key witness.

"The result is that *the relief sought by the appellants, the reversal of the judgments,* is granted *as prayed for by each of them.* Mesarosh v. United States, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1, and see Communist Party of United States v. Subversive Activities Control Board, 251 U.S. 115, 76 S.Ct. 663, 100 L.Ed. 1003.

"But since the cases are such that, exercising the discretionary duty imposed on us, 28 U.S.C.A. § 2106, we would not have here rendered judgments of acquittal even though the evidence might have been insufficient, the reversals *requested and obtained by appellants* must be for a new trial. Bryan v. United States, 5 Cir., 175 F.2d 223, affirmed 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335.

"Reversed and remanded for new trial."

Elchuk is now in the custody of the marshal awaiting the new trial directed by the mandate of the Court of Appeals. He seeks release by habeas corpus [2] upon a plea of jeopardy, claiming that the reversal was not brought about by him but was granted on motion of the United States Attorney, and that most of the per curiam opinion was dicta. Quoting from general statements made in 22 C.J.S. Criminal Law § 271, p. 406,[3] and the cases cited in some of the footnotes under that section, counsel boldly states in a footnote to his brief: "So thorough has been the brief-maker's research that he is prepared to say that there are no authorities contrary to those cited." The very text quoted from C.J.S. in the brief, when applied to the facts here, is contrary to the contention made. Elchuk's conviction was reversed on *his* appeal, *and he acquiesced in it.* He got the relief *he* asked—reversal of the judgment. He did not even move for rehearing in the Court of Appeals and ask for acquittal there because of insufficient evidence

---

1. Gondron v. United States, 5 Cir., 242 F.2d 149, 150. (Emphasis mine.)

2. He does not ask to be released on bail pending trial.

3. "It is an established principle of law that an accused in a criminal case who procures a verdict and judgment against him to be set aside or arrested by the court may be tried anew upon the same or another indictment for the same offense of which he was convicted, even after he has served a part of the sentence imposed on him in the first conviction. However, it is only where accused has brought about the destruction of the first verdict that he can be tried again for the same offense; and he will be protected from a subsequent prosecution for the same offense where a valid verdict, rendered by a jury regularly obtained and impaneled, upon a sufficient indictment, is set aside by the court on its own motion *or on application of the prosecuting attorney,* unless accused acquiesces therein."

as was done, without success, in Bryan v. United States, cited in the per curiam opinion.

Since the Court of Appeals properly treated the motion of the Government as an agreement that a new trial should be granted, it was tantamount to a reversal on *confession of error*. In Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103, Stroud had been convicted of murder in the first degree and sentenced to be hanged in 1916. *Upon confession of error* by the United States Attorney the Circuit Court of Appeals reversed this judgment, 8 Cir., 245 F. 990. He was convicted again in 1917, "without capital punishment," and *upon confession of error* by the Solicitor General, the Supreme Court reversed a second time, 245 U.S. 680, 38 S.Ct. 222, 62 L.Ed. 544. Upon a third trial, he again was sentenced to be hanged. The Court, in denying the plea of former jeopardy, pointed out, 251 U.S. at page 18, 40 S.Ct. 50, at page 51, that Stroud "himself invoked the action of the court which resulted in a further trial." Here Elchuk invoked the reversal by appealing, by praying for reversal, by receiving the benefit of the confession of the Government that the verdict may have been tainted by perjury. As in Mesarosh v. United States, cited by the Court of Appeals, Elchuk himself would not have been heard to raise this question on appeal unless it was conceded by the Government. The Court of Appeals was very careful in the language used in reversing this case and foreclosed the claim now made by Elchuk.

■■ Since in my opinion a plea of former jeopardy in bar of further prosecution, rather than a habeas corpus proceeding, would have been the proper course, I shall treat the application as such and direct that it be considered a part of the files in the criminal case. The application for the writ of habeas corpus therefore is denied; and the plea of former jeopardy is overruled. The case will stand for trial.

The clerk will notify counsel.