**UNITED STATES of America**

v.

**Ray Edward GONDRON and Daniel Elchuk.**

**Cr. No. 17271.**

United States District Court
S. D. Texas,
Laredo Division.
March 10, 1958.

William B. Butler, U. S. Atty., Houston, Tex., Brian S. Odem, Asst. U. S. Atty., Brownsville, Tex., for plaintiff.

M. Gabriel Nahas, Jr., Houston, Tex., for defendants.

ALLRED, District Judge.

Defendants were convicted in this cause in September 1956 on three counts charging violation of 26 U.S.C.A. § 4744 (a) and 18 U.S.C.A. § 545. That conviction was reversed upon appeal.[1]

Another trial was had on February 17, 1958, and defendants were convicted upon the third count, charging acquisition of 60 pounds of refined marihuana without payment of the transfer tax.[2] Gondron was sentenced to 5 years and Elchuk to 8½ years.[3]

Both defendants gave notice of appeal from the present conviction and move for the allowance of bail. The motion is denied. In my opinion there is no substantial question to be determined upon appeal. The only questions seriously pressed by defendants will be stated as discussed:

First

■ Defendants filed pleas of jeopardy because, after they had appealed the former conviction and sought reversal, the Government also filed a motion asking that the case be reversed. The Court of Appeals granted both motions and reversed for a new trial. The same claim of jeopardy was made in an application for habeas corpus by Elchuk in advance of this trial. The court treated such application as a plea of jeopardy and overruled it October 9, 1957, Elchuk v. McCarty, D.C., 159 F.Supp. 689. Notice was given of appeal from that order. There is no basis whatever, in my opinion, for the claim of jeopardy for all the reasons set out in the previous opinion.

Second

■ Defendants objected to introduction in evidence of the 60 pounds of marihuana and the chemist's analysis of samples therefrom on the ground that the chain of possession was broken and, therefore, there was not sufficient evidence to show that the marihuana introduced upon the trial was that which was seized by the officers. The evidence in this connection was as follows:

The seizure was made by customs agents Richards, Kinney and Diosdado. Kinney testified that he sealed the 60 small plastic bags with adhesive tape and placed his initials thereon; that these plastic bags were placed in three large sacks in which they had been found when seized; that these larger sacks were initialed by him; and then taken in charge by Diosdado. Kinney *positively identified* the 60 bags as being the ones seized.

1. Gondron v. United States, 5 Cir., 242 F.2d 149.

2. The court sustained motions for verdict of acquittal on counts one and two, charging unlawful importation and concealment after unlawful importation, 18 U.S.C.A. § 545.

3. Elchuk had been sentenced on the first trial to 10 years as a second offender and had elected to enter upon service of his sentence while it was on appeal. He had served approximately 18 months at the time of the present trial.

Diosdado did not testify but Barrow, the customs seizure clerk, testified that he had received these bags from Diosdado and had kept them in his custody thereafter until he was succeeded as seizure clerk by Marcado. The latter testified that he had received the identical bags from Barrow and had kept them in his custody to the time of the present trial; that he had taken samples of them shortly before the trial and delivered them in person to Thomas, a Government chemist. Thomas testified that he had analyzed the samples and found them to be marihuana.

Clearly there is no merit in this contention.

### Third

██ Customs Agents testified to making demand just prior to the trial on defendant Elchuk in the county jail and on Gondron in his hotel room for production of the order form required by sec. 4742 of Title 26 U.S.C.A., and of failure to produce the order form. Defendants objected to this and as to the sufficiency of the evidence in this connection. I think it was proper and sufficient proof of failure to pay the tax. Neither defendant testified. The evidence was circumstantial but so strong as to exclude any hypothesis other than that of guilt. There were no exceptions to the court's charge.

Elchuk is a second offender. Gondron had never been convicted before but in December, 1955, he was a passenger in a car along with Charles S. Haerr [4] when 40 pounds of refined marihuana was thrown out of the automobile after it had fled from an immigration checking stand on the highway about 14 miles from the Mexican border and from the scene of the present seizure. At that time Haerr assumed the blame, stating that Gondron and another passenger were hitchhikers. This unusual habit of being closely connected with wholesale quantities of refined marihuana explains why Gondron was sentenced to serve five years this time notwithstanding he was sentenced to only four years by Judge Ingraham who presided at the first trial. Judge Ingraham was not perhaps advised as to Gondron's having hitchhiked the ride with Haerr.

The motions for bail are overruled. The Clerk will notify counsel.

---

4. Haerr v. United States, 5 Cir., 240 F.2d 533.