**Ray Edward GONDRON and Daniel Elchuk, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 17134.**

United States Court of Appeals Fifth Circuit.

June 5, 1958.

Rehearing Denied July 30, 1958.

———◆———

M. Gabriel Nahas, Jr., James Royall, Houston, Tex., for appellants.

Charles L. Short, Asst. U. S. Atty., Laredo, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

When these appellants were first here by their appeal in Cause No. 16334 on the docket of this court[1] seeking a reversal of judgments of conviction on three counts of an indictment charging violation of the customs and marihuana tax laws of the United States, this court on March 14, 1957, by its mandate and judgment[2] reversed the judgments of the

---

1. Gondron v. United States, 5 Cir., 242 F. 2d 149.

2. "Whereas, lately in the United States District Court for the Southern District of Texas, before you, in a cause between United States of America, plaintiff, and Ray Edward Gondron and Daniel Elchuk, defendants, No. 17271 Criminal, wherein the judgments of the District Court entered in said cause on the 28th day of September, A.D., 1956, was in favor of plaintiff, United States of America, and against defendants, Ray Edward Gondron and Daniel Elchuk, as by the inspection of the transcript of record of the said District Court, which was brought into the United States Court of Appeals for the Fifth Circuit, by virtue of appeals sued out by Ray Edward Gondron and Daniel Elchuk, agreeably to the act of Congress in such case made and provided, fully and at large appears.

"And Whereas, in the present term of October, in the year of our Lord one

district court and remanded the cause to it for a new trial.

The cause returned to the district court, the defendant Elchuk alleging that the former judgments had not been reversed on appellant's appeal but had been set aside and vacated on the government's motion in the appellate court to set aside the convictions and remand the cause for new trial, and claiming former jeopardy, brought habeas corpus proceedings to secure his release.

The district judge, treating the application as a plea of former jeopardy in bar of further prosecution, rather than a habeas corpus proceeding, in an opinion [3] with which we find ourselves in full agreement, overruled and denied the plea.

On Feb. 17, 1958, both defendants renewing by pleas in bar their claims of former jeopardy, sought a dismissal of the indictment and their discharge from further prosecution, and, these pleas denied, the cause was fully tried to a jury. The evidence concluded, defendant's motion for acquittal was sustained as to counts one and two, the customs counts charging unlawful importation and concealment after importation, and denied as to count three, charging acquisition of marihuana without paying the transfer tax. Submitted to the jury on a thorough and careful charge, to which defendants made no objection and both defendants convicted and sentenced on count three, they have appealed.

Their application for release on bail, on the ground that there were substantial questions to be determined upon appeal, was denied by the district judge for the reasons stated in his opinion in United States v. Gondron, D.C., 159 F.Supp. 691, and appellants applied to this court for bail. The cause advanced on the docket for early hearing and decision and the application for bail taken with the case, the defendants are here on brief and oral argument, asserting two grounds for the reversal of the judgment. The first is their plea of jeopardy based on the claim that their prior convictions were not reversed on their appeal but were set aside on the government's motion, and defendants are not, therefore, prevented by the fact of their appeal from urging the plea. The second is that the demand for the production of the order form required by Sec. 4742 of the 1954 Code, 26 U.S.C.A. § 4742, was not a reasonable demand, and the evidence is therefore insufficient to support the verdict.

We think it quite plain that, as pointed out by the district judge in his two opinions in this cause, supra, neither of these positions is well taken, that indeed they are without substance.

■ The first, based on a wholly inadmissible attempt, without evidence to support it, and in the face of a record establishing the contrary, to present the judgment of reversal on their appeal as not such a reversal, is completely answered by our opinion and that of the district judge, supra, and by the record and our mandate and judgment in the case, note 2, supra. Finally, as the slightest reflection upon the nature and object of such a plea and a reading of the cases dealing with the effect upon the plea of the fact that the second trial, of which the defendant complains, has come about from the defendant's own act in seeking it, will show, this contention is answered by the controlling consideration that the plea, which when soundly laid is based and sustained upon the profoundest grounds of public policy, is not a mere catch penny contrivance, by the use of which one who has sought and obtained reversal and new trial can obtain and keep the benefit, without the burden, of the new trial.

thousand nine hundred and fifty-six, the said cause came on to be heard before the said United States Court of Appeals on the said transcript of record, and was argued by counsel:

On Consideration Whereof, It is now here ordered and adjudged by this Court

that the judgments of the said District Court in this cause be, and the same are hereby, reversed; and that this cause be, and it is hereby, remanded to the said District Court for new trial."

3. Elchuk v. McCarty, D.C., 159 F.Supp. 689.

■ When it comes to the second point, it is quite plain that appellants have misconceived the purpose and effect of the statutory provisions dealing with the order form and that the district judge was right in saying:

"Customs Agents testified to making demand just prior to the trial on defendant Elchuk in the county jail and on Gondron in his hotel room for production of the order form required by Sec. 4742, Title 26 U.S.C.A., and of failure to produce the order form. Defendants objected to this and as to the sufficiency of the evidence in this connection. I think it was proper and sufficient proof of failure to pay the tax. Neither defendant testified. The evidence was circumstantial and so strong as to exclude any hypothesis other than that of guilt. There were no exceptions to the court's charge." Gondron v. U. S., 159 F.Supp. 691, 693.

The demand for and refusal to furnish an order form when demanded is no part of the offense, Vogt v. U. S., 5 Cir., 156 F.2d 308; Cratty v. United States, 82 U.S.App.D.C. 236, 163 F.2d 844. It is not necessary to a conviction therefore to allege or prove that a demand for an order form was made. Where, however, demand for and refusal to furnish is shown, this puts upon the defendant the burden of going forward. It is sufficient, therefore, to allege unlawful possession without an order form and to prove this fact by proving either a demand and a refusal without explanation to furnish the form, thus putting the burden of going forward on the defendant or by proving the fact of such unlawful possession in some other way. In short, the decisions settle it that while the demand for an order form and the refusal to furnish it do raise a prima facie presumption that the possession is unlawful, guilty possession can be proven without proof of such demand.

In this case the fact that the evidence was sufficient to prove guilty possession is attested by the fact that the defendants in their brief claim insufficiency of the evidence only because the demand for the order form was, as they claim, made at such a time as to be unreasonable, that in short they pitch their whole case on the assumption that the demand for the order form was an essential ingredient of the proof, and, because it was unreasonable, the case for conviction fails.

■ In the first place, as pointed out in the brief of the United States, as far as the appellant Gondron is concerned, the demand for the production of the order form was made some four or five months before trial. As to both defendants, the record of the former trial, of which we take knowledge, shows: that a demand had been made upon each of them for an order form; that the demand made on this trial, to which Elchuk answered that he had never had such a form, did not, therefore, come as a surprise to him; and that, under the circumstances of this case, the demand was not unreasonable. This, taken with the fact that he gave no reason for his claim that the demand was unreasonable and did not ask for more time to comply, and that he made no objection to the charge, submitting the matter of the demand for the order form, makes it clear that the claim that it was unreasonable is without substance. In addition, we think the evidence is ample, without the demand and failure to furnish such form, to show guilty possession.

No error being made to appear, the judgment is

Affirmed.