**UNITED STATES of America**

v.

**Carl J. SMITH.**

**Cr. No. 22423.**

United States District Court
E. D. Pennsylvania.

July 7, 1966.

**160**

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., Harold S. O'Brian, Jr., Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Jay H. Tolson, Solomon, Tolson & Resnick, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

WOOD, District Judge.

Defendant was tried and convicted by a jury on three counts charging unlawful and knowing receipt of quantities of marihuana without having paid the transfer tax imposed by 26 U.S.C. § 4741(a) in violation of 26 U.S.C. § 4744(a). In his motion for a new trial, we are confronted with two major objections, namely, that we sustained objections to the testimony of Thelma Smith, defendant's aunt, and that the Government never proved or did not prove legally that the transfer tax had not been paid.

The marihuana involved was passed to Narcotics Agent LaForrest Russell on one occasion on November 19, 1964, and on two occasions on November 24, 1964. Although Russell positively identified the defendant as the transferor as did another agent, Daniel J. Addario, the major factual dispute during the trial was the identity of the transferor. Defendant did not take the witness stand.

Defendant called Thelma Smith to testify as to the reactions of Agent Russell when he confronted defendant on June 23, 1965, after the transfers. Mrs. Smith would have testified, he claims, that defendant did not recognize Russell who in turn also failed to recognize defendant. However, according to the testimony (N.T. 103–106) we allowed Mrs. Smith to state what the Agent said and also what defendant said on that occasion. When asked if there were further conversations she indicated she did not know. At that point counsel ceased examining the witness but we did not restrict further questioning except as to hearsay conversations. We find no prejudice to defendant in our ruling since nothing further could have been said by Mrs. Smith based on her own statement.

Greater difficulty is experienced by the requirement of 26 U.S.C. § 4744(a) that

a person can be convicted only if he is a "transferee required to pay the transfer tax" imposed by 26 U.S.C. § 4741(a) and if he "acquired * * * any marihuana without having paid such tax."

No direct proof was elicited that Carl J. Smith had not paid the transfer tax. The Government availed itself of the statutory presumption only as to the first transaction on November 24, 1964, by introducing into evidence a notice and "demand to produce form" presented to Smith while he was in custody. Smith refused to turn over any order, denying that he had the form.

■ The Government argues that a demand is not necessary to prove its case and that the evidence adduced at trial is sufficient to sustain a conviction. In support of its contention, it cites Gondron v. United States, 256 F.2d 205 (5th Cir. 1958), cert. den. 358 U.S. 865, 79 S.Ct. 96, 3 L.Ed.2d 98. The Court in *Gondron* stated that the demand for and refusal to furnish an order form when demanded is no part of the offense. We have no trouble accepting this statement, but we find it to be inapt in this case. Although it is not necessary to show a demand, it is necessary to prove that the tax was not paid or else there would be no violation of the Act. United States v. Turner, 132 F.Supp. 336 (N.D. Ill.1955).

■ When the matter is thus analyzed, we think it can only be held that the Government failed to prove its case as on two of the three counts in the indictment, by failing to prove that Smith had not paid the transfer tax. In the other count, the presumption created by the statute came into effect and could sustain a conviction. The one demand form presented cannot cover the other two incidents since it mentions only one incident.

■ Smith further contends in his motion for a new trial that the evidence was not sufficient to go to the jury and that the verdict was against the weight of the evidence. We conclude there is no basis in this contention. Both Agents positively identified Smith as the transferor. The witnesses for the defendant wove an almost incredible story of another Carl who was the real culprit. At any rate, the question was for the jury and their verdict is obviously not against the weight of the evidence.

## ORDER

And now, this 7th day of July, 1966, it is ordered that the motion for a new trial be denied; it is further ordered that the motion for acquittal made at the close of the Government's case be granted as to Counts I and III.