Osvaldo PENA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 23886.

United States Court of Appeals Fifth Circuit.

Aug. 15, 1967.

---

**182**

Donald F. Frost, Miami, Fla., for appellant.

Aaron Foosaner, Asst. U. S. Atty., Miami, Fla., for appellee.

Before WASHINGTON,* TUTTLE and SIMPSON, Circuit Judges.

TUTTLE, Chief Judge:

This is an appeal from a conviction and sentence of the appellant under two counts of an indictment charging him with being a transferee of marijuana with failure to pay the tax imposed on its possession under 26 U.S.C.A. § 4741(a).

■ The appellant attacks the sufficiency of the evidence to show possession by him of the marijuana. Without attempting to outline the evidence, we conclude that there is no merit in this contention.

■ As to the second requirement of the criminal statute, however, i. e., that the appellant had acquired the marijuana without having paid such tax, the proof before the trial court stands differently.

Cases of this kind are ordinarily successfully prosecuted by proof of possession by the accused person, and a demand by the representative of the Secretary of the Treasury that he "produce the order form required by Section 4742 to be retained by him." So far as the recorded cases show, no such person has ever produced the form and, thereupon, the presumption provided for in 26 U.S.C.A. § 4744(a) carries the day for the prosecution. That section provides: "Proof that any person shall have had in his possession any marijuana and shall have failed, after reasonable notice and demand by the secretary or his delegate, to produce the order form required by section 4742 to be retained by him shall be presumptive evidence of guilt under this section and of liability for the tax imposed by section 4741(a)." Here, for some reason, not apparent on the record, the government agent failed to demand that Pena produce the order form required under Section 4742. There was no other proof offered that Pena failed to pay the tax on the marijuana which, as noted above, the trial court could find was at least constructively in his possession. In such situation, there was a complete lack of proof of one of the essential elements of the crime. As stated by the District Court for the Northern District of Illinois in United States v. Turner, 132 F.Supp. 336:

"Possession of the marijuana without more would thus reveal little as to the defendant's guilt. * * * Since the government did not prove that the defendant failed to produce an order form, after reasonable notice and demand, and since the evidence is not otherwise sufficient to establish a failure to pay the transfer tax, the motion of the defendant for a judgment of acquittal will be granted, and the defendant will be discharged."

So, too, here there having been a failure by the government to prove that Pena had not paid the tax, it was error for the trial court to deny the appellant's motion for a directed verdict of acquittal.

The judgment is reversed and the case is remanded to the trial court for an entry of the judgment of acquittal.

* Senior Judge, D. C. Circuit, sitting by designation.