## SUGARMAN et al. v. UNITED STATES.*

Circuit Court of Appeals, Ninth Circuit.
November 4, 1929.

No. 5915.

*Rehearing denied December 9, 1929.

664

Russell Graham, of Los Angeles, Cal., for appellant George Williams.

Samuel A. King, of Salt Lake City, Utah (E. P. Sample, of San Diego, Cal., and Alfred F. MacDonald, of Los Angeles, Cal., of counsel), for appellants Sugarman and Purdue.

Samuel W. McNabb, U. S. Atty., and William R. Gallagher, Asst. U. S. Atty., both of Los Angeles, Cal.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a judgment of conviction under three counts of an indictment. The first count charged a conspiracy to violate the National Prohibition Act (27 USCA) by possessing and transporting intoxicating liquor in certain counties in Southern California; the second count charged a conspiracy to violate the Tariff Act of 1922 (42 Stat. 858) by the unlawful importation of intoxicating liquor into the United States, and the third count charged the unlawful importation of liquor into the United States without inspection and without the payment of duty thereon. A separate brief was filed on behalf of the appellant Williams, but we will consider the several specifications of error without particular regard to the party or parties by whom the specification is made. The appellants challenge the sufficiency of the second count of the indictment and the sufficiency of the evidence to support the verdict, and also assign error in the admission of testimony, in the refusal of the court to strike certain testimony as against certain of the appellants, and in the refusal of certain requested instructions.

The overt acts charged in the first count of the indictment were made a part of the second count by reference only, and the sufficiency of the latter count is challenged because it contains no averment that the overt acts set forth in the first count were committed to effect the object of the conspiracy charged in the second count; nor do the overt acts themselves contain any such averment. The form of the pleading is not to be commended, and the count is of doubtful sufficiency; but the sentence of the court was general, running concurrently on all counts, and, if the first count is sufficient in law, and is supported by competent testimony, the legal sufficiency of the second count is of no consequence. It is further contended that the testimony is insufficient to support the charge of importation into the United States as alleged in the third count. The testimony is of doubtful sufficiency in that regard; but, whether sufficient or not, the question is immaterial, if, as already stated, the sentence finds adequate support in the first count.

There is little merit in the contention that the testimony does not support the verdict, as against the appellants Sugarman and Purdue. We might say in this connection that the indictment included in the charge a number of persons other than the appellants. As to some, a severance was granted; as to others, a verdict of not guilty was directed by the court; and as to still others a verdict of not guilty was returned by the jury. One of the principal actors in furtherance of the object of the conspiracy was one Morley, a former prohibition agent, as to whom, among others, a severance was granted. About the middle of November, 1927, Morley approached an officer of the coast guard, stating that he represented the Consolidated Liquor Importers, and that the people with whom he was connected were importing liquor into Orange and San Diego counties in the state of California. He further stated that they desired protection against two speed boats employed by the coast guard, and were willing to pay for such protection 75 cents per case for all liquor landed in Southern California from the Consolidated boats. Later the same subject was fully discussed in a conversation between the officer and Morley and the appellant Sugarman, and still later in a conversation between the officer and Morley, Sugarman, and the appellant Purdue. Without going into the details of these several conversations, suffice it to say that, unexplained as they are, they leave no room to doubt that Morley, Sugarman, and Purdue were engaged in a general conspiracy such as that charged in the first and second counts of the indictment, and that some, if not all, of the overt acts charged were committed to effect the object of that conspiracy.

The testimony tending to connect the appellant Williams with the commission of the offense is inconclusive and unsatisfactory.

665

He was referred to on different occasions as one of the parties employed by the conspirators in the transportation of liquor from boats offshore to land, but this testimony was not sufficient to connect him with the conspiracy, and was not competent for that purpose. It further appeared that he operated a boat which was later destroyed by fire, and it is claimed that this boat was employed for the purpose of transporting liquor to the shore, but this likewise appears only from statements of one or other of the conspirators. The boat to which we have referred was searched on two different occasions by the officers of the coast guard, while operated by Williams, but no intoxicating liquor was found. At the time of his arrest Williams was in company with one Rasmussen, an alleged conspirator who died before the trial. Rasmussen had on his person at the time of his arrest a receipt given for a part payment on the purchase price of the boat which brought the liquor into the United States, as charged in the third count of the indictment, and no explanation of such possession was offered. At the time of his arrest Williams gave a fictitious name, and removed the coat he was wearing, replacing it with another. The coat thus removed was offered in evidence, and corresponds in texture with a pair of pants found in the boat which had been abandoned while attempting to introduce intoxicating liquor into the United States, as already stated. It will thus be seen that the only competent testimony tending to connect the appellant Williams with the commission of the offense was the company he was found in, the giving of an assumed name at the time of his arrest, and the unexplained possession of a coat comparing in texture with a pair of pants found in an abandoned boat. Whatever suspicion these facts and circumstances may give rise to, they are in our judgment legally insufficient to support a verdict of guilty.

The appellants Sugarman and Purdue were apprehended while sitting in parked automobiles, and it is contended in their behalf that the court erred in admitting in evidence articles found on a search of the cars. The right of the officers to arrest the appellants for a felony under the facts disclosed by the record does not admit of serious question, and, if the arrest was lawful, the officers had a right as an incident to the arrest to search the cars in which the appellants were seated. Marron v. United States, 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231.

At the close of the testimony offered by the government, motions were interposed to strike a considerable portion of such testimony as against some one or all of the appellants. These motions cover thirteen pages of the printed transcript, and it would be impossible, within the scope of an ordinary opinion, to state the substance of the testimony and its application to the different parties. We might say, however, that the motions, in large part, were based on the erroneous assumption that acts or declarations of a conspirator are not binding on other members of the conspiracy, unless made in their presence; while the true rule is that acts and declarations of one conspirator, in furtherance of the object of the conspiracy and during its existence, are binding on all members of the conspiracy, whether present or absent. We have carefully considered the record in the light of the motions interposed, and we are satisfied that any testimony offered by the government which was at all prejudicial to the appellants was sufficiently connected with some one or more of the conspirators to render it competent. Furthermore, the application of the testimony was fully and carefully limited by instructions given by the court, so that no conceivable prejudice could result to any of the complaining parties. No exceptions were taken to the charge as given and the requested instructions, so far as applicable or proper, were embodied in the general charge of the court.

The judgment is affirmed as to the appellants Sugarman and Purdue and reversed as to the appellant Williams, with instructions to grant a new trial.