UNITED STATES of America, Plaintiff,

v.

Milton LAW, Gaye Alice Adair, Defendants.

No. 28604.

United States District Court
S. D. California,
Central Division.

Nov. 21, 1960.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, Asst. U. S. Atty., Chief, Criminal Division, Edward M. Medvene, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Spencer Brandeis, Los Angeles, Cal., for defendant Law.

Robert S. Priver, Los Angeles, Cal., for defendant Adair.

WESTOVER, District Judge.

Defendants herein were charged with concealing and unlawfully having in their possession letters addressed to Catherine Pierce, which letters theretofore had been stolen and abstracted from an authorized depository for mail matter as defendants well knew. Title 18 U.S.C. § 1708.

On May 23, 1960 defendant Law was arraigned and, as he was an indigent, an attorney was appointed to represent him.

On June 21, 1960 the attorney appointed for defendant Law filed a motion to suppress evidence on the ground it had been obtained through an illegal search and seizure.

On July 14, 1960 the government filed an affidavit (by Ernest A. Long, Assistant United States Attorney) in opposition to the motion to suppress, stating "on information and belief" that officers of the Los Angeles Police Department who had made the arrest would testify as set forth in the affidavit.

On July 25, 1960 defendant Adair appeared in court to enter her plea at which time, because she was indigent, the Court appointed counsel to represent her. Defendant Adair entered a plea of not guilty. At that time the Court denied the motion of defendant Law to suppress evidence.

On October 18, 1960 when the case came on before this Court for trial, attorneys for both defendants made motions to suppress evidence upon the ground the letters in question had been obtained by illegal search and seizure. The motions were denied.

At the close of the evidence in the case both defendants moved for judgment of acquittal upon the ground the testimony disclosed the letters admitted in evidence had been obtained by an unlawful search and seizure. In accordance with Rule 29(b) of the Federal Rules of Criminal Procedure, 18 U.S.C., the Court reserved decision on the motion and submitted the case to the jury. The jury returned a verdict of guilty as to each defendant. The Court now has to determine whether the letters admitted in evidence were obtained through illegal search and seizure. If they were, the motions for acquittal must be granted.

The evidence discloses the arrest was made subsequent to a telephone call received by the Los Angeles Police Department. One of the officers who made the arrest testified, on direct examination, that as they [the police officers] were leaving the police station they were told there was a man who wanted to talk to a policeman at 112th and Wilmington. With no further information, they immediately went to the address given. The officer testified that he had a conversation with Raymond McRussell. On cross-examination he was asked to give the trend of that conversation. He testified:

"Mr. McRussell said he thought something was shady; that a person whom he knew as Milton some time prior had come to his house and wanted some business checks fixed up. He thought it was rather

strange that he [Milton] came at night, and at that time Milton did not return. However, on this particular evening he again returned, telling him he wanted some identification made up for his old lady who had been up in Bakersfield and lost her identification. He [McRussell] asked him the name, and instead of giving him the name he said, 'I will bring the checks and you can make it out just like the check is.' Mr. McRussell then said, 'Don't you think that is fishy?' and I agreed I did."

Arrangement was thereupon made with McRussell that if Milton (the defendant Law) did return, McRussell was to signal by flicking the light on the back porch. The officers then placed the house under surveillance, and some time later the light was flicked to indicate defendant Law had returned; whereupon the two officers immediately went to the front of Mr. McRussell's house and saw a gray Chevrolet automobile in which were three persons. On direct examination the officer testified:

"A. My partner and I asked all three people out of the car. I observed my partner checking them in for weapons. I told the three they were under arrest for checks. Mrs. Adair, as she got out of the car, picked up a purse that was lying near her and put the shoulder strap over her shoulder. I took the purse from her, and at that time she immediately said: 'No, that's all right. I will show you what is in the purse.'

\* \* \* \* \* \*

"A. I didn't give her back the purse. I looked in the purse and found two checks in envelopes made out in the name of Catherine Pierce. These are the two checks I took from the purse of Mrs. Adair."

On cross-examination, this officer testified:

"Q. They were placed under arrest at the time you came up to this vehicle? A. Yes, sir.

\* \* \* \* \* \*

"Q. In other words, you just walked up and placed them under arrest? A. Yes.

\* \* \* \* \* \*

"Q. She got out of the car without her purse, didn't she? A. No, sir. She put her purse on her arm before she got out of the car, as she was getting out. This was all in one motion.

"Q. She put the purse on her arm? A. No, sir, on her shoulder.

"Q. You didn't ask her if you could search this purse did you? A. No.

"Q. But you just started searching the purse? A. Yes."

The question now before the Court is whether the police officer had probable cause to arrest the defendants "for checks".

As to the defendant Adair who did not, prior to trial, make a motion to suppress the government contends her motion to suppress during trial and her motion for a verdict of acquittal based upon unlawful search and seizure are now too late.

Rule 41(e) of the Federal Rules of Criminal Procedure provides in part as follows:

"\* \* \* The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

The Court in its discretion entertains the motion of defendant Adair as timely made.

Much has been written concerning the question of probable cause. There is no inflexible definition of the term.

" '[T]he validity of the arrest and search must be determined by its reasonableness in the light of the circumstances of the particular case.' " Washington v. United States, 105 U.S.App.D.C. 58, 263 F.2d 742, 744.

"* * * The statute does not define 'reasonable grounds' to believe that a violation has been or is being committed. That question must be determined in each case depending upon the particular facts and circumstances. * * *" Draper v. United States, 10 Cir., 248 F.2d 295, at page 298.

"* * * Mere suspicion or belief is generally an insufficient justification for such a search, * *". 79 C.J.S. Searches and Seizures § 66, p. 839.

"There is no formula for the determination of reasonableness of the search and seizure. Each case is to be decided on its own facts and circumstances. [Citations]." Rocchia v. United States, 9 Cir., 78 F.2d 966, at page 969.

The case of United States v. Walker, 7 Cir., 246 F.2d 519, is somewhat similar to the case at bar. In that case the officer received a telephone call from the informant to the effect the defendant was carrying narcotics. After receiving such information the officers checked the police records to ascertain the prior record of defendant Walker.

The Court said, at page 525:

"That Walker's arrest preceded the challenged search is undisputed on the record before us. The Agents stopped Walker's car only because of what the informer related to them, coupled with their check of police records, and not because they were impelled by their observations. Nothing else shows in this record as the basis for apprehending Walker and, of course, the narcotics in his coat pocket were not open to view until Spillane 'frisked' Walker. Statutes aside, an arrest without a warrant on bare suspicion unsupported by reasonable grounds is illegal. * * *"

From the record before us in the case at bar, the only information the officers had that a crime had been or was being committed was the information received from the informer who, on cross-examination, testified he was not, and had never in the past acted as, a police informant. Upon that information defendants were arrested without a warrant "for checks." No information was given the defendants whether the arrest "for checks" was for insufficient fund checks, for forgery, or for checks taken from the United States mail. In fact, there is no evidence before the Court to indicate the officers had any knowledge that the checks in question were government checks or had been illegally abstracted from the mail.

The informant himself testified:

"Q. You said the first time he brought some checks. Why did he bring the checks to you? A. He wanted to notarize them or sign them, or something. *I didn't see the checks.*" [Emphasis supplied.]

The only information the officers had was the statement of the informer that something was "fishy."

"The courts will look to the facts and circumstances known to the officer when the arrest is made." Gorlack v. Ferrari, 184 Cal.App.2d ——, 7 Cal.Rptr. 699, 704.

The search of the car and of defendant Adair brought to light the two checks in question. The fact that the officers found the two checks cannot be used to establish probable cause.

"The circumstance that the officers found on Ellis' person items which incriminated him—a screwdriver and a stolen ring—cannot, of course, provide any part of the necessary showing of probable cause. * * *" Ellis v. United States, 105 U.S.App.D.C. 86, 264 F.2d 372, at page 374.

Assuming, arguendo, that the officers in the instant case had probable cause to search defendant Law concerning whom they received information from their informant, did probable cause extend to the defendant Adair? Defendant Adair was in the back seat of the car, and after arrest she was searched.

In the case of Sugarman v. United States, 9 Cir., 35 F.2d 663, at the time of arrest one, Williams, was in company of Rasmussen, an alleged conspirator, who died before trial. When Williams was arrested he gave a fictitious name and removed the coat he was wearing, replacing it with another. The Court said, at page 665:

> " * * * The coat thus removed was offered in evidence, * * *. It will thus be seen that the only competent testimony tending to connect the appellant Williams with the commission of the offense was the company he was found in, the giving of an assumed name at the time of his arrest, and the unexplained possession of a coat comparing in texture with a pair of pants found in an abandoned boat. Whatever suspicion these facts and circumstances may give rise to, they are in our judgment legally insufficient to support a verdict of guilty."

The judgment was reversed as to Williams.

In United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210, the claim was made that officers had the right, without a warrant, to search any car which they had reasonable cause to believe carried contraband and, incidentally, might search any occupant of such car when the contraband sought was of such character that it might be concealed on the person. The Supreme Court ruled against such contention, stating at page 587 of 332 U.S., at page 225 of 68 S.Ct.:

> " * * * We are not convinced that a person, by mere presence in a suspected car, loses immunities from search of his person to which he would otherwise be entitled."

The Supreme Court, at page 595 of 332 U.S., at page 228 of 68 S.Ct., also stated:

> " * * * It is the officer's responsibility to know what he is arresting for, and why, * * * ".

This Court is most reluctant to set aside a guilty verdict returned by a jury when there is no question as to the guilt of the defendants. These defendants were arrested by officers of the Los Angeles Police Department, without a warrant of arrest, and no charge was filed by the officers against the defendants; but they were turned over to Federal authorities. A Federal Grand Jury charged them with having in their possession letters which had been stolen and abstracted from an authorized depositary for mail matter.

█ There is no doubt of defendants' guilt. But the right of immunity from illegal search is so precious that it is better to maintain that right and permit convicted defendants to go free than to sustain the conviction and thereby deny the right.

As Judge Huxman in Draper v. United States, 10 Cir., 248 F.2d 295, at page 299, said in his dissenting opinion:

> " * * * It may be trite to again say that the right of citizens to be secure in their homes and persons against unreasonable searches and seizures is a most valuable right and heritage of American citizenship and that it must be guarded zealously and unrelentingly and that the courts must never permit it to be gradually whittled away under the guise of expediency or necessity. This was pointed out by Justice Sutherland in Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 249, 71 L.Ed. 520, where he said, ' * * * the court must be vigilant to scrutinize the attendant facts with an eye to detect and a hand to prevent violations of the Constitution by circuitous and indirect methods. Constitutional provisions for the security of person and property are to be liberally construed, and "it is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon." ' No higher authority can be found than this pronouncement, and there are no subsequent decisions by the

Supreme Court lowering the high standard set thereby."

 Under the authorities cited, the police officers in the case at bar did not have probable cause to search defendant Adair. Inasmuch as the envelopes containing checks were found in Adair's purse, the motion to suppress the letters from evidence should have been granted. The Court is of the opinion the officers did not have probable cause to arrest the defendants or either of them.

The motions for acquittal are hereby granted.